## JOHNSON *v.* WINSHIP MACHINE COMPANY.

1. The verdict rendered in the present case was the only lawful verdict that could have been returned under the evidence.
2. Even if it be within the power of the trial judge, in the absence of express consent by both parties in the trial of an action to recover the purchase-price of machinery, the defense being that the same is defective and valueless, to allow the jury to leave the court-room and inspect the machinery, the refusal of the judge to exercise the power is not a matter for review by this court.

Argued June 15, — Decided July 28, 1899.

Complaint. Before Judge Janes. Gordon superior court. August term, 1898.

*W. R. Rankin* and *J. M. Neel*, for plaintiff in error.
*Starr & Erwin* and *R. J. & J. McCamy*, contra.

COBB, J. The Winship Machine Company sued Johnson for the purchase-price of certain machinery sold to him. The defendant pleaded that the machinery was defective and value-less, and that the use of the machinery by him caused a fire by which his gin-house, cotton, and other machinery were destroyed, damaging him in the sum of four thousand dollars, for which he prayed judgment. At the trial the judge directed the jury to deduct one dollar from the principal amount sued for, and return a verdict in favor of the plaintiff for the balance. Defendant filed a bill of exceptions, assigning error upon the ruling of the judge directing a verdict in the case, and also upon the refusal of the judge to allow the jury to go and inspect the machinery.

1. A careful reading of the evidence in the bill of exceptions brings us to the conclusion that there was no error in directing a verdict for the plaintiff. The only defect shown to exist was one which the uncontradicted evidence shows was patent and could have been remedied by the expenditure of the sum which the court directed the jury to deduct from the principal of the debt sued for. There was no evidence whatever to authorize a finding in favor of defendant on his plea in the nature of an action for damages against the plaintiff. If the fire was caused by a defect in the machinery, the evidence shows that the defendant continued to use the machinery after he became aware of the fact that it was in such defective condition and with full knowledge that the alleged defect had already caused fire and was liable to do so at any time.

2. It is doubtful whether an application to allow the jury to inspect the property which is involved in a suit is allowable at all, except by consent of all the parties to the case. *Broyles* v. *Prisock*, 97 *Ga.* 643. If, however, the court has such power, all applications to exercise it are addressed to its discretion, which will not be controlled by this court. The action of the

judge now complained of was wise. While the machinery was shown to be near the court-house and easily accessible without great loss of time, it appeared that it had passed through a fire, and an inspection of it in this condition would not have been helpful to the jury in determining the issues raised in the case. *Judgment affirmed. All the Justices concurring.*