## SOUTHERN RAILWAY COMPANY *v.* BROUGHTON.

1. Where in a suit based upon an alleged tort, resulting in personal injuries to the plaintiff, damages are claimed for lost time, expenses for medical and surgical treatment, permanent diminution in earning capacity, caused by the physical injuries received, and mental and physical pain and suffering caused by such injuries, it is erroneous to charge the jury the provisions of the Civil Code, § 3907, relative to suits for torts wherein the entire injury alleged is to the peace, happiness, or feelings of the plaintiff.

2. When there is no evidence upon which a recovery for a particular element of alleged damages could lawfully be based, the judge should not submit to the jury the question of the plaintiff's right to recover for such element of damages.

Submitted May 25,—Decided August 8, 1907.

Action for damages. Before Judge Martin. Telfair superior court. July 30, 1906.

*DeLacy & Bishop,* for plaintiff in error.

*Twiggs & Oliver* and *Eschol Graham,* contra.

FISH, C. J. Missouri P. Broughton sued the Southern Railway Company for damages, for alleged personal injuries claimed to have been sustained by falling, at night, in the dark, over the tongue of a truck on the platform of defendant's depot, where she had gone to purchase a ticket. She recovered a verdict for $6,000.00, and the case is in this court for review, on exceptions to the overruling of defendant's motion for a new trial.

1. The damages claimed by plaintiff were for lost time, mental and physical pain, expenses for medical attention, and punitive damages. In instructing the jury the court read from the Civil Code, § 3907, as follows: "In some torts the entire injury is to the peace, happiness, or feelings of the plaintiff; in such cases no measure of damages can be prescribed, except the enlightened conscience of impartial jurors. The worldly circumstances of the parties, the amount of bad faith in the transaction, and all the attendant facts should be weighed." Error was assigned, in the motion for a new trial, on this charge. Clearly the exception was well taken, as the exact point has been several times ruled by this court in accordance with this assignment of error. In *Atlantic & Birmingham Railway Company* v. *Bowen,* 125 *Ga.* 460, it was held: "In an action against a railroad company, where the plaintiff sues for the value of lost time, physical

pain and suffering, physician's bill, permanent physical impairment, and the consequently diminished capacity to labor, alleged to be the result of personal injuries sustained in consequence of the negligence of the defendant company and its employees, it is error to give in charge to the jury the following provisions of the Civil Code (§3907) : 'In some torts the entire injury is to the peace, happiness, or feelings of the plaintiff; in such cases no measure of damages can be prescribed, except the enlightened conscience of impartial jurors.' " A similar ruling was made in *Central of Georgia Railway Co.* v. *Almand,* 116 *Ga.* 780, where this court said that the provisions of the code section read by the court to the jury in the case now in hand have reference only to actions where the entire injury alleged is to the peace, happiness, and feelings of the plaintiff, as the law prescribes a more definite measure for determining the amount recoverable on account of lost time and expenses. A number of decisions of this court were there cited in support of the ruling, that, in cases similar to the one at bar, evidence of the worldly circumstances of the parties was inadmissible, and it was, therefore, erroneous to instruct the jury that they should be considered by them. Moreover, as was said in *Bowen's* case, supra, punitive damages were not recoverable in the case at hand, for the reason that there were no circumstances of aggravation either in the act or the intention. In the judgment overruling the motion for a new trial in the present case, the trial judge said: "In view of the fact that plaintiff's counsel expressly stated to the jury during the trial of the case and in their arguments that they did not ask for vindictive or punitive damages, and the court, after giving this abstract proposition of law, properly and specifically instructed the jury in what particulars they should find only the actual damages sustained, and confined the application of the rule to damages resulting from pain and suffering and the like, and that while it may have been erroneous to have made this charge, yet, in the light of the entire charge and statements of plaintiff's counsel to the jury, I am of opinion that it could have done the defendant no harm." We have very carefully studied the entire charge of his honor as it appears in the record, and we can not agree with him that he "properly and specifically instructed the jury in what particulars they should

find only the actual damages sustained, and confined the application of the rule to damages resulting from pain and suffering and the like." We find nothing in the charge which can be construed into an instruction that the rule given by the court to the jury, to the effect that the measurement of damages was the enlightened conscience of impartial jurors, is limited to the fixing of the amount of damages for pain ∙and suffering. The fact that plaintiff's counsel stated, in their arguments to the jury, that they did not ask for vindictive or punitive damages, instead of rendering the charge under discussion harmless, was an additional reason why the court should not have given it. The jury might well have reasoned that although the plaintiff was not asking for vindictive or punitive damages, yet as the judge, who knew this as well as they did, had given them in charge the rule applicable to a case in which the measure of damages is solely the enlightened consciences of impartial jurors, it must be applicable to the case which they were trying and to the damages which were claimed by the plaintiff therein. Surely this court can not assume that the jury, in the absence of instructions to that effect, understood that the rule for measuring damages by their enlightened consciences applied solely to such damages as they might find for the pain and suffering caused the plaintiff by the alleged injuries. The charge might have been especially harmful in the present case, in view of the fact that the plaintiff sought to recover, as damages, medical and surgical expenses incurred by her in consequence of her alleged injuries, and yet, as we will show in the next division of the opinion, failed to prove, even approximately, the amount of such expenses. In the present case the erroneous charge was not cured and its probable, or at least possible, harmful effect obviated by other specific instructions, whereby the jury were given proper and accurate rules for the different kinds of damages for which the action was brought, as was true in *Keating's* case, 99 *Ga.* 308, and *Goodson's* case, 118 *Ga.* 833.

2. Another exception was to the instructions of the court as to plaintiff's right to recover reasonable expenses for medical attention, if the jury should find in her favor, the assignment of ∙error being that there was no evidence to authorize a charge on this subject. We think this assignment well taken. It was utterly impossible for the jury, from the testimony, to even form an

approximately accurate estimate of the amount of expense which the plaintiff had incurred for medical and surgical attention and treatment, rendered necessary in consequence of the injuries which she had received in falling over the truck on the platform of defendant's depot. This was a matter which, from its nature, was capable of accurate proof, and yet the plaintiff only gave to the jury a rough estimate, or approximation, of the amount which she had expended for all the medical and surgical treatment which she had received after she was injured in the way alleged in her petition, admitting at the same time that a part of this amount was for treatment of ailments not caused by her fall over the truck, and not even attempting to separate the amount she paid for the treatment of such ailments from the amount which she paid for medical and surgical treatment caused by the injuries which she alleged were the result of defendant's negligence. According to her own testimony, she had been treated, at different times and places, by several physicians and surgeons. Upon the subject of the amount of expense which she thus incurred, she testified: "I have not kept an accurate account of my physicians' and surgeons' bills for my treatment; it has been between six and seven hundred dollars. I can swear positively six hundred dollars. . . I do not know that I could correctly state the amount I paid to each physician; I only based my estimate on a bank account that I used solely for medical attention. It is, exhausted." She further testified, in reference to treatment at a sanitarium in Savannah, where Dr. White, assisted by other surgeons, performed surgical operations upon her, the principal one being for an injury to her shoulder caused, as she claimed, by her fall over the truck, as follows: "They treated me for some other things as well. I was treated for some other minor troubles; the main trouble dated back to the birth of my baby; for two years it had not given me any trouble to amount to anything, but Dr. White said he thought best to attend to it; there was some operation besides that upon my arm. . . . They did not make any itemized statement [of their bill for services]. I do not suppose that they would treat this other ailment for nothing; in stating what I paid for physicians' bills I meant for all purposes; in my family I have had very little treatment except for my treatment since that time. I do not know what I did with

the bills; sometimes I taken a receipt and sometimes I did not. . . . . As to why I can not remember how much I paid my physicians for treatment of my shoulder and how much for other treatment, if I had taken the time to figure the matter up, I might do it; I do not care to; I am tired of doctors' bills; I do not remember exactly now. I would not like .for the railroad to pay for the treatment of my female troubles that they are not responsible for; as to whether I expect the jury to say what they are responsible for without the facts, I will leave that to them to decide; if they think the railroad is not responsible for any part of my physicians' bills, they can so state." Dr. White, a surgeon of the city of Savannah, testified, in behalf of the plaintiff, that on January 18, 1902, he operated on her for four different ailments, which he separately named and described, one of them being an injury to her shoulder, and subsequently performed another operation on the shoulder; that three of the four ailments, or physical "troubles," for which he operated upon her the first time were independent. of the shoulder injury, and, in his opinion, existed before she received such injury. While he testified that "the troubles" other than the injury to the shoulder were minor ones, as compared to that injury, he did not undertake to inform the jury what his charges were for the treatment of the shoulder · injury, as distinguished from his charges for the treatment of the plaintiff's other physical ailments. Indeed neither he nor the plaintiff even stated what the whole amount of his bill was. No other evidence in the record tends to throw any light on the amount expended by plaintiff for medical and surgical attention and treatment rendered necessary by the injuries alleged to have ·been received by the plaintiff in consequence of defendant's negligence. There was no evidence at all as to the reasonableness of the amounts which the plaintiff paid the different physicians who treated her. Indeed this was not to be expected when she failed to state what these respective amounts were. Undoubtedly a plaintiff who is entitled to recover damages for a physical injury may recover, as a part thereof, reasonable physicians' bills incurred in consequence of the injury; but, in order to recover for such expenses, there must be proof of a definite nature as to the amount so expended, and also some evidence as to the reasonableness of such amount. As was said

in *Mayor of Savannah* v. *Waldner,* 49 *Ga.* 316, 324, "A plaintiff can not claim for what is capable of almost exact proof, without furnishing the jury some testimony to arrive at the measure or amount of the claim. Proof of what are the physician's bill, and other expenses growing out of damage received, is always required to entitle a recovery therefor." In *Allen* v. *Harris,* 113 *Ga.* 107 (4), it was held: "Proof of what was paid for professional services is not, without more, sufficient proof of their value." As, under the evidence, there could be no lawful recovery by the plaintiff for what the judge termed "medical bills and medical expenses," it was erroneous for him to instruct the jury that if they believed, "from the evidence in this case that the defendant is liable to the plaintiff, and that the plaintiff was injured and it became necessary for her to incur medical bills and medical expenses, . . . the defendant would be liable to her for reasonable expenses in securing medical attention," etc. When there is no evidence upon which a recovery for a particular element of alleged damages could lawfully be based, the judge should not submit to the jury the question of the plaintiff's right to recover for such element of damages.

There were other assignments of error in the motion for a new trial, with which we do not deem it necessary to deal specifically. Some of the matters complained of were such as will not likely arise upon another trial; and while some of the instructions excepted to were not strictly accurate, none of them was so erroneous as to require the grant of a new trial, except those which we have discussed in this opinion.

           *Judgment reversed. All the Justices concur.*