CENTRAL OF GEORGIA RAILWAY COMPANY *v.* DUKES.

HOLDEN, J.  A widow brought suit against a railroad company for the pecuniary value of the life of her deceased husband, alleged to have been negligently killed by the defendant at a public crossing in an incorporated city.  The evidence showed that the deceased, while undertaking in a wagon to pass over such crossing, was killed by a freight train consisting of an engine and two cars running backwards.  There was evidence tending to show that the bell on the locomotive was not tolled in approaching the crossing.  *Held:*

1. The following charge: "Railroad companies are required by law to fix along the line of their road, and at a distance of 400 [yards] from the center of such public road · crossings on each side thereof, a post, and the engineer shall be required, whenever he shall arrive at either of said posts, to blow the whistle of the locomotive until he arrives at the public road and to check and keep checking the speed of his train, so as to stop in time, should any person or thing be crossing said track on said road.  In cities the railroad is required by another provision of the law to toll the bell instead of blowing the whistle. I charge you that this is required by law; and if the railroad should fail to comply with this statute, it would be negligence on the part of the railroad company," was not error requiring a new trial because of any of the reasons assigned, which were as follows: "This charge was error, because inapplicable to the facts of this case, and is an incorrect statement of the law; the injury having been inflicted at a street crossing in a city, and this statute does not apply to street crossings in a city.  In a city railroad companies are not required to erect blow-posts at a distance of 400 yards from the center of the street, nor are they required to toll a bell for 400 yards before reaching the street.  The charge is objectionable, because it led the jury to believe that the defendant was required to both blow the whistle and toll the bell.  This charge was error, because the injury was caused, as defendants contend, by an engine, a switch-engine, backing cars in the defendant's yards at Millen, and was therefore inapplicable to the facts in the case,

there being no duty upon the company in such a case to observe such a statute."

2. The charge that the plaintiff contended that the deceased was a man of good health and vigorous, and was earning from $1 to $5 per day, was not subject to the criticism that it was not authorized by the pleadings or the evidence.

3. One assignment of error in the motion for a new trial is as follows: "The court erred in refusing, at the request of defendant's counsel, at the conclusion of the evidence in said case, to permit the jury to view the premises under proper precautions, said request being made by defendant's counsel, and there being no objection by the plaintiff or her counsel to said request. When said request was made, the court promptly [denied] it, not waiting to hear from plaintiff or her counsel upon the subject. This refusal by the court was error, because it was the only way by which the jury could properly understand and intelligently apply the testimony to the occurrence." If the court in any case of this character is authorized, without the express consent of both parties, or their counsel, to permit the jury to view the premises where the injury or homicide occurred, it is a matter in his discretion, and his refusal to do so will not be adjudged error. *Johnson* v. *Winship Machine Co.*, 108 *Ga.* 554 (33 S. E. 1013); *County of Bibb* v. *Reese*, 115 *Ga.* 346, 349 (41 S. E. 636).

4. A verdict in favor of the plaintiff, and a recovery by her of the amount found by the jury, were authorized by the evidence, and the court did not abuse his discretion in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

June 16, 1910.

Action for damages.  Before Judge Rawlings.  Jenkins superior court.  July 10, 1909.

*R. L. Gamble,* for plaintiff in error.

*E. K. Overstreet* and *R. P. Jones,* contra.