### LINDER, lessee, v. BROWN, next friend.

LUMPKIN, J.   1. The petition set out a cause of action.

2. Whether or not, pending the trial of an action for damages to the plaintiff, the presiding judge can properly send the jury to inspect the place where the injury occurred, on motion of counsel for one party, and without the consent of the other party, yet where counsel for the latter is present when the motion is made, and interposes no objection, he will be considered as waiving any right to object which he may have, and a mistrial will not be granted upon motion therefor made after the jury have been sent to the place and allowed to inspect it. On the subject of allowing the jury to inspect the premises, see *Broyles* v. *Prisock,* 97 *Ga.* 643 (3), 645 (25 S. E. 389); *Johnson* v. *Winship Machine Co.,* 108 *Ga.* 554 (33 S. E. 1013); *County of Bibb* v. *Reese,* 115 *Ga.* 346 (3), 348 (41 S. E. 636); *Central of Georgia Ry. Co.* v. *Dukes,* 134 *Ga.* 588 (3), 589 (68 S. E. 321).

3. Under the pleadings and evidence, the duty of a railroad company to erect blow-posts four hundred yards from a public crossing, and the declaration that a failure to do so is a misdemeanor, as stated in Civil Code (1910), § 2676, was not relevant. But the facts authorized a charge as to the duty of engineers to signal the approach of their trains to public road or street crossings in the limits of cities, towns, and villages, contained in the Civil Code (1910), § 2224.

4. In a suit by a minor nearly ten years of age for a personal injury resulting from the operation of a railroad train, after giving in charge section 2781 of the Civil Code of 1910 (to the effect that no person shall recover damages from a railroad company for an injury done by his consent, or caused by his own negligence, and touching the doctrine of contributory or relative negligence), and section 4426 (to the effect that if the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he can not recover), it was inaccurate to add: "I charge you that this law applies to grown-up people." A railroad company is not liable to either a grown person or a minor for damages to him caused by his own negligence, or where he could have avoided the consequences of the defendant's negligence by the use of due care.

(a) The standard of due care on the part of an adult and a child of tender years is different, and this is what the presiding judge doubtless meant; and if the instructions as to diligence and negligence on the part of the plaintiff (a boy not quite ten years of age) had been correctly given, they might have been construed in connection with this charge and have rendered a reversal because of it unnecessary.

5. Due care in a child of tender years is such care as its capacity, mental and physical, fits it for exercising in the actual circumstances of the occasion and situation under investigation. Due care according to age and capacity is all the law exacts of a child of tender years. Neither the average child of its own age, nor the prudent man, is a standard by which to measure its diligence with legal exactness. Civil Code (1910), § 3474; *Western & Atlantic R. Co.* v. *Young*, 81 *Ga.* 397 (7 S. E. 912); s. c. 83 *Ga.* 512 (10 S. E. 197).

(a) Charges which fixed the standard of care due by a child nine years of age as "what could be expected by a party of [the] age this plaintiff is proven to have been," and which stated that if both parties were at fault, but the jury should find "that the plaintiff, considering his age, could not have avoided the accident by the exercise of ordinary care," then he would not be prevented from recovering, did not correctly state the rule as to due diligence on the part of the plaintiff, there being an allegation in his petition and some evidence tending to throw light on his capacity.

6. While the extent of pain and suffering arising from a physical injury is not susceptible of proof with exact certainty, and the measure of the amount of damages allowable therefor rests in the enlightened conscience of impartial jurors, the presiding judge should not have charged: "If you do not find that he is entitled to recover from permanent injuries, you would then determine what he would be entitled to recover from his pain and suffering, whether permanent or not; that it is a matter not required to be proven." Such a charge was calculated to lead the jury to believe that they could find damages on account of pain and suffering without any evidence to show that any had been endured in the past or would probably be endured in the future.

7. In a suit to recover for injuries to the person of a plaintiff, if damages are sought on account of expenses incurred, pecuniary losses which have resulted from the injury, and the like, such matters are susceptible

of proof; and as to such elements of damage the standard is not to be left solely to the discretion of the jury. But where special damages of the character indicated are not sought to be recovered, but the damages claimed are for pain and suffering, the measure rests in the enlightened conscience of impartial jurors, seeking to do justice between the parties. *Augusta & Summerville R. Co.* v. *Randall*, 85 *Ga.* 297 (8) (11 S. E. 706); *Crown Cotton Mills* v. *McNally*, 123 *Ga.* 35 (6), 39 (51 S. E. 13); *Southern Ry. Co.* v. *Broughton*, 128 *Ga.* 814 (58 S. E. 470).

8. Where a suit is brought by a minor for a tort committed upon him, the proper method is for the petition to be brought in the name of the minor, by his guardian ad litem or next friend. A suit in the name of a person as next friend of the minor has been held to be substantially a suit by the minor, and amendable so as to state the case correctly, and good after verdict. *Lasseter* v. *Simpson*, 78 *Ga.* 61 (3 S. E. 243); *Walden* v. *Walden*, 128 *Ga.* 126, 132 (57 S. E. 323); *Hart* v. *Atlanta Terminal Co.*, 128 *Ga.* 754, 772 (58 S. E. 452); *Van Pelt* v. *Chattanooga &c. R. Co.*, 89 *Ga.* 706 (15 S. E. 622); *Ellington* v. *Beaver Dam Co.*, 93 *Ga.* 55 (19 S. E. 21).

(*a*) Where the point is expressly raised by special demurrer that the suit is brought in the name of a person as next friend of the minor, instead of by the minor himself through his next friend, the better practice is to sustain the demurrer, and allow the petition to be amended so as to proceed accurately.

9. None of the other grounds of the motion for a new trial require special discussion.

*Judgment reversed. All the Justices concur, except Hill, J., not presiding.*
JANUARY 10, 1912.

Action for damages. Before Judge Meadow. Hart superior court. August 27, 1910.

*A. G. & Julian McCurry* and *T. W. Teasley,* for plaintiff in error. *James H. Skelton,* contra.