44108, 44109. STEPPERSON, INC. v. LONG; and vice versa.
(353 SE2d 461)

GREGORY, Justice.

This case presents a constitutional challenge to OCGA § 51-1-18 (a). The facts essential to this appeal are not in dispute.

On October 25, 1983, Stephen Means, then 16 years of age, consumed a large amount of beer at the home of his father, then drove his father's car to the site of the appellant's restaurant and bar, Dante's Down the Hatch (Dante's). At the time of this incident Stephen Means' driver's license had been suspended as a result of his conviction of driving under the influence of alcohol. At Dante's Ste-

phen Means was served an alcoholic beverage. While driving his father's car away from the restaurant, Means became involved in a head-on collision in which one passenger in the oncoming car was killed and the other seriously injured.

At the time of this incident the parents of Stephen Means were divorced with the father having legal custody of Means. Caroline Long, the mother of Stephen Means, brought this action against Stepperson pursuant to OCGA § 51-1-18 (a), praying for vindictive damages as allowed by OCGA § 51-12-6.

OCGA § 51-1-18 (a) provides, "A father or, if the father is dead, a mother, shall have a right of action against any person who shall sell or furnish alcoholic beverages to his or her underage child for the child's use without the permission of the child's parent."

Stepperson moved for summary judgment, alleging that the statute does not place the cause of action in the mother unless the father is dead, and therefore Long was barred from bringing this action. Long opposed the motion, arguing that the statute as written violates equal protection of the laws. The trial court agreed with Long and declared OCGA § 51-1-18 (a) unconstitutional. The trial court denied Dante's motion for summary judgment, holding that "either parent or both parents" have a right of action under the statute. At the same time the trial court denied Long's motion to compel discovery of Stepperson's financial condition, finding that since a cause of action under OCGA § 51-1-18 is not limited to a claim for vindictive damages, the "entire injury" could not be to Long's "peace, happiness or feelings." OCGA § 51-12-6. The trial court certified both issues for immediate review, and we granted both parties' applications for interlocutory appeal.

1. Case No. 44108. We hold that OCGA § 51-1-18 (a) creates a gender classification which does not rest upon "some ground of difference having a fair and substantial relation to the object of the legislation," and therefore violates equal protection of the laws. *Orr v. Orr*, 440 U. S. 268 (99 SC 1102, 59 LE2d 306) (1979).

OCGA § 51-1-18 (a) first appeared in the Code of 1863 as § 2952, a part of the chapter on torts dealing with indirect injuries to the person. This statute has been amended during the last century only to change the word "son" to the word "child." See Code of 1933, § 105-1205; *Reeves v. Bridges*, 248 Ga. 600 (284 SE2d 416) (1981). The purpose of the statute is to prevent the furnishing of alcoholic beverages to underage children in the absence of parental consent. The act was not made a crime or otherwise penalized. Compare OCGA §§ 3-3-23; 3-3-23.1; 3-3-24. Instead the legislature simply gave a "right of action" against the one who furnished alcohol. A relatively unimportant consideration to the purpose of the statute is the identity of the one in whom the cause of action is placed. The legislature could have

placed the cause of action in the child to be brought by a next friend. It happens that the Code of 1863 placed the action in the father first, then in the mother if the father is dead. This arrangement has never been modified. We note that subsection (b) of OCGA § 51-1-18 (gambling with a minor child) made an identical placement of the cause of action when it first appeared in the Code of 1863 as § 2953. Subsection (b) was amended to place the cause of action in "a parent" when the legislature enacted the Code of 1981, effective November 1, 1982. We believe the failure to amend OCGA § 51-1-18 (a) in a similar manner was a mere oversight. While we have held that OCGA § 51-1-18 (a) is unconstitutional as written, we do not believe the entire statute should fall on account of the defect in a relatively unimportant part. *Bd. of Trustees v. Christy*, 246 Ga. 553 (1) (272 SE2d 288) (1980); *Nixon v. State*, 256 Ga. 261 (347 SE2d 592) (1986). In view of the legislative action regarding subsection (b) of the statute, we think it clear the legislature, absent an oversight and mindful of the unconstitutionality of the provision in issue, would have placed the action in "a parent." We therefore hold the action against one who furnishes alcoholic beverages to an underage child for the child's use without the permission of the child's parent is vested in a parent, to be brought by either of them or jointly by both of them. See *Tolbert v. Murrell*, 253 Ga. 566 (322 SE2d 487) (1984). Therefore, the trial court did not err in denying Stepperson's motion for summary judgment.

2. Case No. 44109. As noted above the trial court denied Caroline Long's motion to compel discovery of the worldly finances of Stepperson, concluding that Long, "having a cause of action under OCGA § 51-1-18, necessarily is not limited to claim damages *solely* to her peace, happiness or feelings, and for that reason she is not entitled to recover vindictive damages under OCGA § 51-12-6."

By statute general damages "are those which the law presumes to flow from any tortious act; they may be recovered without proof of any amount." OCGA § 51-12-2 (a). "Special damages are those which actually flow from a tortious act; they must be proved in order to be recovered." OCGA § 51-12-2 (b). In torts where "there are aggravating circumstances, in either the act or the intention, the jury may give additional damages to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." OCGA § 51-12-5. "In a tort action in which the entire injury is to the peace, happiness or feelings of the plaintiff, no measure of damages can be prescribed except the enlightened consciences of impartial jurors. In such a case, the worldly circumstances of the parties, the amount of bad faith in the transaction, and all the attendant facts should be weighed; and the verdict of the jury should not be disturbed unless the court suspects bias or prejudice from its excess or its inadequacy." OCGA § 51-12-6. Thus damages for "wounded feel-

ings" may be recovered under both § 51-12-5 and § 51-12-6. However, while § 51-12-6 damages may be recovered standing alone, see cases cited infra, § 51-12-5 damages for wounded feelings may be recovered only *in addition* to other damages. *Westview Cemetery, Inc. v. Blanchard*, 234 Ga. 540 (216 SE2d 776) (1975). A second critical distinction is that where § 51-12-6 damages are at issue, the statute permits the plaintiff to undertake discovery and offer evidence of the defendant's worldly circumstances, while in an action to recover § 51-12-5 damages the plaintiff is not entitled to present such evidence. *Wilson v. McLendon*, 225 Ga. 119 (166 SE2d 345) (1969). Furthermore, a plaintiff is precluded from recovering under both § 51-12-5 and § 51-12-6 for the same injury. *Westview Cemetery*, supra.

The issue before us is whether a plaintiff may discover the worldly circumstances of the defendant where the only injury *claimed* is to the plaintiff's wounded feelings under OCGA § 51-12-6.

Some cases have held that it is error for the trial court to charge OCGA § 51-12-6 where the plaintiff has an additional claim for general or specific damages, as the "entire injury" is not to the plaintiff's wounded feelings. See *Southern R. Co. v. Broughton*, 128 Ga. 814 (58 SE 470) (1907); *Baldwin v. Davis*, 188 Ga. 587 (4 SE2d 458) (1939). In each of these cases this court was concerned that the jurors might have erroneously been led to believe that they could determine *all* the damages in their "enlightened consciences," rather than looking to "the law [which] prescribes a more definite measure for determining the amount recoverable on account of lost time and expenses." *Broughton*, supra, 128 Ga. at 815. In each case this court expressed concern that the jurors might be misled by an instruction that they could consider "the worldly circumstances of the parties" in reaching a verdict.

In a number of cases the courts have allowed an action for § 51-12-6 damages where the plaintiff has additional claims for general and special damages. *The Central Railroad v. Senn*, 73 Ga. 705 (1884); *Simmons v. Edge*, 155 Ga. App. 6 (270 SE2d 457) (1980); *Gibson's Products v. Edwards*, 146 Ga. App. 678 (247 SE2d 183) (1978). See also *Davis v. Macon Telegraph*, 93 Ga. App. 633, 638 (92 SE2d 619) (1956), where the Court of Appeals held that the plaintiff's claim for general damages "include[d] an injury to the peace, feelings and happiness of the plaintiff. . . ." We note that none of these cases presented the issue of whether the plaintiff was entitled to discover or the jury entitled to consider evidence of the defendant's worldly circumstances.

In *Dodd v. Slater*, 101 Ga. App. 358, 362 (114 SE2d 167) (1960), the father filed suit under OCGA § 51-1-18 (a) for the intentional in-

toxication of his underage daughter seeking OCGA § 51-12-5[1] damages as well as OCGA § 51-12-6 damages. No other damages were sought. The defendant objected that the plaintiff should not be permitted to inquire into her worldly circumstances. The Court of Appeals held that this part of the plaintiff's petition "was appropriate to the action pleaded, the *entire injury alleged* being to the peace, happiness and feelings of the plaintiff." (Emphasis supplied.)

In *Baldwin v. Davis*, 188 Ga. 587, 593 (4 SE2d 458) (1939), this court held that "a charge of [§ 51-12-6], with its reference to 'worldly circumstances,' *except in a case where the entire injury is to the peace, happiness, or feelings of the plaintiff*, is erroneous." (Emphasis supplied.)

In *Hodges v. Youmans*, 129 Ga. App. 481 (200 SE2d 157) (1973), the plaintiff made numerous tort claims against multiple defendants, seeking special damages, § 51-12-5 damages, and § 51-12-6 damages. The plaintiff sought to discover the worldly circumstances of certain of the defendants. The Court of Appeals noted that "[t]his would not appear to be a situation on which the 'entire injury' is to [the plaintiff's] 'peace, happiness or feelings.' However, . . . [s]hould plaintiff elect to press at trial only a claim properly within [OCGA § 51-12-6], then properly drawn interrogatories searching into a defendant's wealth *could* be appropriate and the answers admissible." 129 Ga. App. at 487.

Most recently the Court of Appeals has stated that "the code language referring to a tort where 'the entire injury' is to peace, happiness and feelings includes a situation where the entire injury *claimed* is to peace, happiness and feelings. . . ." *Brunswick Gas &c. Co. v. Parrish*, 179 Ga. App. 495, 498 (347 SE2d 240) (1986). We note that the plaintiff in *Parrish* did not seek to discover or offer evidence of the defendant's worldly circumstances.

There are a few cases in which the *only* injury sustained by the plaintiff was to his wounded feelings. See, e.g., *Westview Cemetery, Inc. v. Blanchard*, 234 Ga. 540 (216 SE2d 776) (1975). In such a situation there is no question that the plaintiff may seek § 51-12-6 damages and discover the worldly circumstances of the defendant. In many instances the plaintiff will have sustained injuries additional to his § 51-12-6 injuries. In some of these circumstances the plaintiff's § 51-12-6 injuries are great, but the other injuries are of small consequence. Under the interpretation of OCGA § 51-12-6 advanced by Stepperson, the plaintiff may pursue only his claim for the other

---

[1] The defendant demurred to the petition on the ground that damages under both OCGA §§ 51-12-5 and 51-12-6 should not be recoverable. The Court of Appeals affirmed the overruling of the demurrer. It was later held in *Westview Cemetery*, supra, that a plaintiff could not recover "double damages" under both Code sections.

damages because the "entire injury" is not to his "peace, happiness, or feelings."

We do not think such a rule would promote the purpose of the statute. We hold that the better rule in a situation where the plaintiff has damages in addition to § 51-12-6 damages is to permit him to elect which damages he will pursue where he seeks to investigate and offer evidence of the worldly circumstances of the defendant. Such a rule will, to some extent, be self-regulating. Where the plaintiff has a claim for substantial other damages, he may be more likely to pursue them than to risk his claim for § 51-12-6 damages in order to investigate the worldly circumstances of the defendant. The situation in which the plaintiff's other damages are small, but injury to his peace, happiness or feelings is great comes closer to what § 51-12-6 contemplates. In such a case it is more likely that the plaintiff will elect to pursue § 51-12-6 damages. It would not be reasonable to force the plaintiff to forego his § 51-12-6 damages simply because he has a few dollars in other damages. Furthermore, if we do not have the election rule, a defendant may be tempted to cause a minimal amount of other damages in order to prevent the plaintiff from seeking § 51-12-6 damages, and discovering the defendant's worldly circumstances.

In the case before us Long has prayed for general, special, § 51-12-5 and § 51-12-6 damages. She has not yet made an election to forego all other damages in favor of § 51-12-6 damages but states in her brief her intention to abandon all but her § 51-12-6 claim prior to trial. In this situation the trial court was correct in denying her motion to compel discovery of Stepperson's worldly circumstances. If, however, Long, timely amends her complaint to abandon all claims except one for § 51-12-6 damages, she will be entitled to discover Stepperson's worldly circumstances.

*Judgment affirmed in Case No. 44108 and Case No. 44109. All the Justices concur, except Hunt, J., who concurs in the judgment only as to Case No. 44109.*

## ON MOTION FOR RECONSIDERATION.

Citing that portion of OCGA § 1-1-2 which states, "Except as otherwise specifically provided by particular provisions of this Code, the enactment of this Code by the General Assembly is not intended to alter the substantive law in existence on the effective date of this Code," Stepperson argues there is nothing which "specifically provides" that the legislature intended to amend OCGA § 51-1-18 (b) when it enacted the Code of 1981. Therefore, Stepperson maintains, the revision of the language from "a father" to "a parent" was made by the codifiers and is not a reflection of legislative intent. As such, Stepperson says, it was error for this court to hold that, absent over-

sight, the legislature's intent would have been to similarly revise OCGA § 5-1-18 (a) when enacting the Code of 1981.

However OCGA § 1-1-2 must be considered in its entirety. It provides, "The enactment of this Code is intended as a recodification, revision, modernization, and reenactment of the general laws of the State of Georgia which are currently of force and is intended, where possible, to resolve conflicts which exist in the law and to repeal those laws which are obsolete as a result of the passage of time or other causes, which have been declared unconstitutional or invalid, or which have been superseded by the enactment of later laws. Except as otherwise specifically provided by particular provisions of this Code, the enactment of this Code by the General Assembly is not intended to alter the substantive law in existence on the effective date of this Code."

We find that the change in OCGA § 51-1-18 (b) was made by the General Assembly in carrying out the legislative intent it expressed in OCGA § 1-1-2: that the enactment of the Code of 1981 was to "revise and modernize and to repeal those laws which are obsolete as a result of the passage of time or other causes . . . ." Prior to the Code of 1981 OCGA § 51-1-18 (b) was obsolete both because of the passage of time and the constitutional principles announced in *Orr v. Orr,* 440 U. S. 268 (99 SC 1102, 59 LE2d 306) (1979).

The Motion for Reconsideration is denied.

DECIDED FEBRUARY 24, 1987 —
RECONSIDERATION DENIED MARCH 24, 1987.

*Kilpatrick & Cody, George B. Haley, Jr., Donald E. Schlyer,* for appellant.

*Greene, Buckley, DeRieux & Jones, Edward D. Buckley III, James J. Macie,* for appellee.