Brenda Joyce LEACH, Plaintiff,

v.

Warren BRASWELL and Dianne Braswell, d/b/a Braswell's Shell Station, Defendants.

Civ. A. No. CV391–002.

United States District Court,
S.D. Georgia,
Dublin Division.

March 16, 1992.

Benjamin M. Garland, Hall, Bloch, Garland & Meyer, R. Lars Anderson, Philip T. Raymond, III, Macon, Ga., for plaintiff.

Charles W. Cook, Vidalia, Ga., for defendants.

## ORDER

BOWEN, District Judge.

In this diversity case, Defendants Warren and Dianne Braswell ("Defendants") now move the Court for summary judgment. Prior to ruling on this motion, I will briefly set out the facts.

On July 8, 1988, John David Reese ("Reese"), then seventeen years old, Michael Bell ("Bell") and Myron Whitaker ("Whitaker") were riding in a truck driven by Joseph Edward Peebles ("Peebles"), owned by Peebles' father. At the request of Reese, Peebles drove to the Braswells' Shell Station ("the Station") in Truetlen County, Georgia. The boys stopped so that Reese could purchase beer. Reese, Peebles and Bell entered the station, but Reese alone purchased the beer from Defendants.

Defendants never asked Reese for identification proving his age.

After purchasing the beer, the boys left the station. Reese consumed six to eight beers throughout the evening. At some point, Peebles commenced driving the truck along a dirt road while Reese, Bell and Whitaker were riding in the bed of the truck.[1] Apparently, the truck struck an uneven area on the surface of the road, causing it to swerve. Reese then was thrown or fell from the truck to the road and was seriously injured. Brenda Joyce Leach ("Plaintiff"), the natural mother of Reese, filed this action against Defendants[2] seeking to recover general and special damages pursuant to O.C.G.A. § 51-1-18(a).[3] Plaintiff alleges that Reese's injuries were the direct and foreseeable consequence of the sale of alcoholic beverages to her minor son. (Complaint, 12.) Plaintiff is suing in her own behalf, and not on behalf of her minor son.

Defendants move for summary judgment on three grounds. First, Defendants assert that Plaintiff did not have physical custody of Reese at the time of the accident, and thus, she has no right of action under section 51-1-18(a). Second, Defendants assert that Plaintiff's claim is barred by section 51-1-40(a).[4] Third, Defendants assert that Plaintiff is barred from litigating this claim under the doctrine of collateral estoppel.

The Court should grant summary judgment only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the

---

1. While not particularly relevant to this case, the evidence indicates that the driver, Peebles, did not consume any beer during the evening of July 8, 1988. (Bell Depo. at 26; Whitaker Depo. at 16; Peebles Depo. at 34.)

2. Originally, Brilad Oil Company was also named as a defendant in this case. However, by Order entered January 7, 1991, Brilad Oil Company's Motion for Summary Judgment was granted. On January 8, 1991, judgment was entered in favor of Brilad Oil Company and against Plaintiff.

3. Section 51-1-18(a) grants the "custodial parent" or parents a right of action against any person who sells or furnishes alcoholic beverages to the underage child for the child's use without the permission of the parent. O.C.G.A. § 51-1-18 (Supp.1991).

4. Section 51-1-40(a) provides that the consumption of alcoholic beverages is the proximate cause of an injury which an intoxicated person inflicts upon himself or herself. O.C.G.A. § 51-1-40(a) (Supp.1991).

burden of showing that there is no genuine dispute as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Clemons v. Dougherty County*, 684 F.2d 1365, 1368 (11th Cir.1982). The party moving for summary judgment may meet this burden upon showing that the adverse party has failed to make a showing sufficient to establish the existence of an element essential to the adverse party's case, and on which the adverse party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If any factual issue is unresolved by the motion for summary judgment, then the Court may not decide that matter. *Environmental Defense Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir.1981). The Court must resolve all reasonable doubts in favor of the adverse party. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir.1981). When, however, the moving party's motion for summary judgment pierces the pleadings, the burden then shifts to the adverse party to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The adverse party cannot carry this burden by reliance on the pleadings, or by repetition of conclusory allegations contained in the complaint. *Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir.1981). Rather, the adverse party must respond by affidavits or as otherwise provided in Fed.R.Civ.P. 56. The clerk has given the adverse party notice of the summary judgment motion, the right to file affidavits or other materials in opposition to the motion, and of the consequences of default. *Griffith v. Wainwright*, 772 F.2d 822 (11th Cir.1985). Thus the notice requirement of *Griffith* is satisfied. The parties having submitted any desired responses and materials in support thereof, I will now rule upon the motion.

As stated, *supra*, section 51–1–18(a) confers a right of action upon the "custodial parent" against any person who sells or furnishes alcoholic beverages to a minor for the minor's use without the permission of the parent. O.C.G.A. § 51–1–18 (Supp. 1991). Defendants assert that Plaintiff has no right of action under section 51–1–18(a) because she did not have physical custody of Reese on July 8, 1988. Section 51–1–18 is inspecific as to whether the "custodial parent" is the parent who has physical custody of the minor, or the parent who has custody of the minor pursuant to a court order. Moreover, the statute is unclear whether this term refers to the parent having physical custody on the date of the sale or on the date of filing the lawsuit.

If "custodial parent" is interpreted to mean the parent having physical custody of the minor at the time of the sale, a legislatively unintended result could be reached. The most limited imagination can envision a number of circumstances whereby the assignment of the right to sue to the parent having mere physical custody would frustrate the intent of the legislature. Accordingly, I conclude that the parent with custody of a minor pursuant to a court order is the "custodial parent."[5]

While it is true that she did not have actual physical custody of Reese at the time of the accident, Plaintiff had court-ordered custody pursuant to a divorce decree entered January 26, 1981, by the Superior Court of Bibb County, Georgia. ("Plaintiff's Brief in Opposition to Defendants' Braswell's Motion for Summary Judgment and in Opposition to Defendant Brilad Oil Company's Second Motion for Summary Judgment," Exhibit A.) Moreover, excluding seventeen months, Plaintiff has had physical custody of Reese since 1981. (Leach Aff. ¶¶ 5–13.)[6] Therefore, Plaintiff is the "custodial parent" within

---

5. The preamble of section 51–1–18 found at Section 1, Ga.Laws 1988, p. 366 (not codified) provides that *either* "custodial parent" has a right of action under that section. Accordingly, the distinction which Defendants seek to interpose between "legal" and physical custody may well be imaginary.

6. On the date Defendants sold the beer to Reese, neither parent had physical custody of him. At that time, he was staying with his grandmother. However, since the accident, Reese has resided with Plaintiff. (Leach Aff. ¶ 10.)

the meaning of the statute. As such, she is the proper party to bring suit pursuant to section 51–1–18(a).[7] Accordingly, the first asserted ground for Defendants' motion is without merit.

■ Regarding the second ground for Defendants' Motion for Summary Judgment, Defendants assert that O.C.G.A. § 51–1–40(a) bars Plaintiff's suit. Section 51–1–40(a) provides the following:

> The General Assembly finds and declares that the consumption of alcoholic beverages, rather than the sale or furnishing or serving of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person, except as otherwise provided in subsection (b) of this section.

O.C.G.A. § 51–1–40(a) (Supp.1991).

Section 51–1–40(a) was enacted to allay a particular type of problem. Specifically, this statute addresses the situation in which an intoxicated person drives a vehicle, is involved in an accident and is injured, or injures a third party. The intoxicated person then seeks to recover from the person who sold or furnished the alcoholic beverages. Section 51–1–40(b) narrowly defines the exceptions in which such a person may recover. The exceptions provide that a seller or provider of alcoholic beverages may be liable when such person willfully, knowingly, and unlawfully sold, furnished or served alcoholic beverages to a minor knowing that the minor *would soon be driving a vehicle*. A seller or provider will also be held liable if he or she knowingly sells, furnishes, or serves alcoholic beverages to a noticeably intoxicated person, knowing that such person *will soon be driving a motor vehicle*. O.C.G.A. § 51–1–40(b) (Supp.1991). Here, Plaintiff's son does not fit within any exception set forth in subsection (b). Reese was not the driver. Hence, Plaintiff's right of action is affected by section 51–1–40(a).

I cannot accept Defendants' assertion that section 51–1–40 totally defeats Plaintiff's right to recover. Section 51–1–40 was enacted by Georgia Laws 1988, page 1692, § 1. Section 2, of Georgia Laws 1988, p. 1692, as amended by Georgia Laws 1989, p. 301, § 1, provides that "[t]his Act shall apply only to causes of action which arise under Code Section 51–1–40 on or after the effective date of this Act [April 12, 1988]." In this case, Plaintiff filed the Complaint on July 6, 1990, or after the effective date of section 51–1–40. Further, Plaintiff brings this claim against the seller for the tort of furnishing alcoholic beverages to a minor pursuant to section 51–1–18(a). *See* Section 1, Ga.Laws 1988, p. 366, not codified by the General Assembly. *See also Stepperson, Inc. v. Long*, 256 Ga. 838, 353 S.E.2d 461 (1987).

Although Defendants strenuously argue that the enactment of section 51–1–40 repealed section 51–1–18, this argument is without merit. The General Assembly amended section 51–1–18 during the same session in which it enacted section 51–1–40. *See* Georgia Laws 1988, p. 365, § 1. This amendment would be entirely superfluous if Section 51–1–40 had repealed section 51–1–18. Nonetheless, the sections do seem facially to be in conflict.[8] Importantly, section 51–1–40(a) states that the *consumption* of alcoholic beverages, *rather than the sale* or furnishing or serving of the same *shall be* the proximate cause of *any* injury self-inflicted by an intoxicated person. *See* O.C.G.A. § 51–1–40(a) (emphasis added). Proximate cause is the *sine qua non* of tort liability. This legislative finding is a strong statement of policy against the recovery of damages for injuries in an action based upon the sale or furnishing of alcoholic beverages. While I doubt that the legislature actually intended to create

---

7. Since Plaintiff had custody of Reese both before and after July 7, 1988, pursuant to a court order entered by the Superior Court of Bibb County on January 26, 1981, it is not necessary to address whether section 51–1–18(a) refers to legal custody on the date of the sale or the date of filing. (Leach Aff. ¶¶ 5–10.)

8. The rationale behind the legislature's virtually contemporaneous enactment of two statutes which appear to be conflicting is a mystery to me.

confusion by the enactment of the two sections, I observe that they did a pretty good job of it.

Here, Plaintiff sues individually seeking to recover special damages representing the medical expenses incurred as a result of the injury to Reese. She also seeks to recover general damages. Plaintiff's damages are causally linked to apparently self-inflicted injuries of the intoxicated minor, Reese. If not for Reese's injuries, Plaintiff would have incurred no expenses, nor would her son have incurred any general damages. Clearly, however, the legislature intended to permit the "custodial parent" to sue the person providing or selling alcoholic beverages to a minor, for the minor's consumption, and without the permission of the parents. Section 51–1–18 grants an undefined right of action to the "custodial parent." There is no mention of injury or the type of damages. To prevail in this case, Plaintiff must prove the elements generally required for tort liability, such as liability, causation, and damages. The necessary element of proximate cause seems to be interdicted by section 51–1–40(a).

■ In *Stepperson, supra,* an intoxicated minor was served an alcoholic beverage at a restaurant. While driving from the restaurant, the minor was involved in an automobile collision. The mother brought suit pursuant to section 51–1–18(a) seeking vindictive damages.[9] The court held that the action against one who furnishes alcoholic beverages to an underage child for the child's use without the permission of the parent is vested in both parents, to be brought by either of them or jointly by both. *Id.* at 840, 353 S.E.2d 461. *Stepperson* seemingly correctly suggests that a parent suing under section 51–1–18 can sue only for vindictive damages authorized by O.C.G.A. § 51–12–6. Accordingly, I conclude that Plaintiff's damages are limited to section 51–12–6 damages since the legislature has declared that the consumption of alcohol is the proximate cause of *any* self-inflicted injury to an intoxicated minor in section 51–1–40(a) (emphasis added). Notwithstanding the problems with Plaintiff's claim, Defendants are not entitled to summary judgment on this ground because as concluded, *supra,* section 51–1–40(a) does not preclude a cause of action pursuant to section 51–1–18 so long as the damages sought are only those contemplated by the provisions of section 51–12–6.

■ Defendants next assert that Plaintiff is precluded from litigating the issue of liability based upon the doctrine of collateral estoppel. Defendants incorrectly cite numerous cases standing for the proposition that the doctrine of res judicata prevents splitting a cause of action and requires all grounds upon which a single claim is based to be asserted and concluded in one action. *Roach v. Teamsters Local Union,* 455 F.Supp. 322 (E.D.Mo.1978). Res judicata and collateral estoppel are separate and distinct doctrines. Res judicata refers to claim preclusion, whereas collateral estoppel refers to issue preclusion. *See* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 4402 (1981). Neither doctrine is applicable to this case.

The doctrine of res judicata may only be applied against one who was a party to the previous suit. *Id.* Under the rules of res judicata, when a plaintiff obtains a judgment, the effect of the judgment extends to the litigation of all issues relevant to the same claim between the *same parties....* *Id.* (emphasis added). In the case previously filed by Plaintiff in the Superior Court of Emanuel County ("the Emanuel County case"), Plaintiff asserted a negligence claim against Peebles.[10] Here, Plaintiff as-

---

9. *Stepperson* was brought under 51–1–18 prior to its amendment in 1988. The statute prior to 1988 provided the following:

    A father, or if the father is dead, a mother, shall have a right of action against any person who shall sell or furnish alcoholic beverages to his or her underage child for the child's use without the permission of the child's parent.

The *Stepperson* court concluded that this section was unconstitutional in part.

10. Plaintiff originally filed the Emanuel County case as next friend of Reese seeking to recover general damages on behalf of Reese. The pleadings were then amended by the parties' stipulation which included Plaintiff as a plaintiff in

serts a claim against different defendants, Dianne and Warren Braswell, for the statutory tort of furnishing alcoholic beverages to minors. Therefore, Plaintiff does not assert the same claim, nor does she sue the same party, and the doctrine of res judicata is inapplicable. It is now necessary to determine the applicability of the doctrine of collateral estoppel.

To apply the doctrine of collateral estoppel, three requirements must be satisfied: (1) the issue at stake must be identical to the one involved in the prior litigation; (2) that issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been necessary and essential to the judgment. *International Ass'n of Machinists & Aerospace Workers v. Nix,* 512 F.2d 125 (5th Cir.1975); *In re Held,* 734 F.2d 628 (11th Cir.1984). Here, Defendants' assertions fail to satisfy these requirements.

First, the issue in this case is not identical to the issue in the prior litigation. The issue in the Emanuel County case was whether Peebles was negligent in driving the truck. Here, the issue is whether Plaintiff's damages [11] were a direct and foreseeable consequence of Defendants' intentional sale of alcohol to Reese. There is no issue concerning Peebles' negligence in this case.

Similarly, the issue in this case was not the issue litigated in the Emanuel County case. In that case, the Superior Court of Emanuel County determined whether Peebles was negligent in driving the truck. Here, the jury will determine whether there is a causal link between Defendants' sale of beer to Reese and Plaintiff's damages. Thus, Defendants fail to satisfy the second requirement under the doctrine of collateral estoppel.

Moreover, having determined that the issue in this case was not actually litigated in the Emanuel County case, this issue could not have been essential to that judgment. Thus, Defendants have not satisfied the third requirement. I conclude that Defendants are not entitled to judgment as a matter of law based upon the doctrine of collateral estoppel.

In summary, Plaintiff is the proper party to bring this action pursuant to O.C.G.A. § 51–1–18(a). Plaintiff's claim is not barred by O.C.G.A. § 51–1–40, but Plaintiff may seek only vindictive damages for her claim. Defendants have failed to demonstrate that Plaintiff's claim is barred by res judicata or collateral estoppel. Accordingly, Defendants' Motion for Summary Judgment is DENIED.

Pursuant to 28 U.S.C. § 1292(b), a district court has the authority to certify an order for interlocutory appeal. Neither the Eleventh Circuit Court of Appeals nor the Georgia Supreme Court has addressed the legal issues concerning the interpretation of Georgia statutes O.C.G.A. § 51–1–18 and O.C.G.A. § 51–1–40. This order involves controlling questions of state law as to which there is substantial ground for difference of opinion. The Court of Appeals may determine that certification of these questions to the Georgia Supreme Court is appropriate. An immediate appeal from this order may materially advance the ultimate termination of this litigation because if reversed on appeal, summary judgment would be granted, making a trial unnecessary. Therefore, this order is certified for interlocutory appeal to the Eleventh Circuit Court of Appeals.

If any party to this case requests an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), all proceedings in this case will be STAYED. The stay shall commence on the date any party applies for an interlocu-

---

that case "against defendant [Peebles] for personal injuries to her son, John David Reese, ... and for all other legal items of damages to which Brenda Joyce Leach [Plaintiff] would be entitled as a result of the accident complained of."

11. Plaintiff asserts that the injuries suffered by Reese were a direct and foreseeable result of the

Defendants' sale of alcoholic beverages to him. Since July 8, 1988, Plaintiff has been held responsible for all medical treatment for Reese. It is these medical expenses which Plaintiff seeks to recover as special damages. Plaintiff also seeks to recover general damages. (Complaint, ¶¶ 14–15.)

tory appeal in the Court of Appeals, and shall conclude on the date the Court of Appeals either disposes of the interlocutory appeal on its merits or denies all applications for interlocutory appeal.