### 52378. HOLBROOK v. CITY OF ATLANTA.

McMURRAY, Judge.

This appeal arises out of a suit and counterclaim which involved a bid bond for $5,000 executed by C. Sam Holbrook, as principal, and American Fidelity Fire Ins. Co., as surety, to the City of Atlanta, holding themselves bound for the faithful performance of executing in writing a sewer construction contract and construction bond, if Holbrook was the successful bidder.

City of Atlanta contends that Holbrook was the successful bidder but refused to execute the construction contract. It sued for damages arising out of the bond.

Defendants answered jointly, denying the claim and alleging coercion, undue influence and unequal bargaining power in enticing Holbrook to change his bid contract. Defendants allege the change was without the knowledge of the surety, which change allegedly released it as same amounted to a novation. Defendant Holbrook also sought $10,000 in expenses and loss of profits arising out of the refusal of plaintiff to enter the original contract agreement.

Plaintiff moved to dismiss the counterclaim on the ground that there was no ante litem notice of a claim against plaintiff, a municipality, as required by Code Ann. § 69-308 (Ga. L. 1953, Nov. Sess., p. 338; 1956, pp. 183, 184). The motion was sustained and defendant's

counterclaim was dismissed. Defendant Holbrook appeals. *Held:*

1. The ante litem notice to a municipality is required for claims "on account of injuries to person or property." Property rights in contracts being intangible in nature rather than tangible, the notice is not required since the city, as a party to the contract or negotiations leading up to the contract, was well aware of the conflicting claims, if any, arising out of the same. See *City of Atlanta v. J. J. Black & Co.,* 110 Ga. App. 667 (139 SE2d 515); *Mayor &c. of Buford v. Light,* 65 Ga. App. 99, 100 (15 SE2d 459, 460).

2. But plaintiff contends the contract has not been executed. The bid bond was executed, and the offer by bid has been made. Whether or not it was accepted, with the formality of the execution of the contract only remaining, is in question. Plaintiff has sued on the obligation in the bond. Defendant counterclaims alleging loss of expenses and profits by reason of the plaintiff failing to prepare the contract in conformity with its bid. The action is clearly one ex contractu arising out of the respective contentions of the parties, the executed contract (bid and bid bond) as to plaintiff's action, and the proposed executory contract not yet prepared but with offer made as to the counterclaim. The court erred in dismissing the counterclaim.

*Judgment reversed. Marshall and Smith, JJ., concur.*

ARGUED JULY 6, 1976 — DECIDED SEPTEMBER 9, 1976.

*J. Larry Palmer,* for appellant.

*Thomas F. Choyce, Henry L. Bowden, Joe Harris,* for appellee.