### 53340. STURDIVANT v. ALLSTATE INSURANCE COMPANY.

SMITH, Judge.

Sturdivant sued Allstate Insurance Co. claiming both contractual and tortious damages resulted from Allstate's failure to pay a claim to Sturdivant as the beneficiary of an insurance contract between Allstate and a third party. Allstate's motion for a summary judgment was granted and Sturdivant appeals, contending material issues of fact remained as to his claims for

compensatory and exemplary damages and attorney fees. We agree and reverse the judgment.

1. As we read the complaint, Sturdivant set forth proper claims for damages both in contract and tort. (a) *Contract.* Sturdivant alleged that he had incurred medical expenses following an accident involving Allstate's insured, that under the coverage of the insurance contract Allstate was liable to Sturdivant for these expenses, and that he had fully complied with the contract's claim submission requirements. A claim for compensatory damages in contract is thus set forth. Further, a proper claim for attorney fees is set forth by his allegation that Allstate was stubbornly litigious in forcing him to sue. Code § 20-1404. (b) *Tort.* Sturdivant's complaint alleges Allstate's failure to pay was intentional and for the purpose of harrassing him, embarrassing him, damaging his credit rating, and preventing him from pursuing legal claims he may have against Allstate. He seeks "compensatory damages for plaintiff's wounded feelings, loss of good credit rating and reputation" and "exemplary damages to deter the defendant from such wrongful actions in the future." These claims for compensatory and additional damages in tort are properly made out, except that he may not recover additional damages both to compensate for wounded feelings and to deter Allstate in the future. See Code § 105-2002; *Johnson v. Morris,* 158 Ga. 403, 406 (123 SE 707).

2. Allstate attempted to negate an essential element underlying all of Sturdivant's case by showing that notice of the insurance claim, required under the insurance contract, was not timely received. Sturdivant, by affidavit from his attorney, presented proof that a letter of notice properly addressed with sufficient postage had been timely sent to Allstate. This direct proof creates a presumption that the letter had been received. *Rawleigh Medical Co. v. Burney,* 25 Ga. App. 20 (102 SE 358). The presumption may be rebutted by direct and positive testimony that the letter was not received. *Prudential Ins. Co. v. Franklin,* 51 Ga. App. 496 (1) (180 SE 869). Allstate's affidavits showing that its claims supervisor had no "knowledge" of the letter until suit was filed and

that its clerical supervisor had "never seen the original letter" present only circumstantial, not "direct and positive," evidence that the letter was not received by the company. The presumption of receipt was not rebutted as a matter of law, leaving a question for determination by the trier of fact.

Allstate has not pierced the pleadings sufficiently to negate any other elements of the various damage claims outlined above, and a summary judgment in its behalf was, therefore, error.

*Judgment reversed. Bell, C. J., and McMurray, J., concur.*

SUBMITTED JANUARY 19, 1977 — DECIDED JUNE 23, 1977 — REHEARING DENIED JULY 21, 1977.

*George B. Rushing,* for appellant.

*Allgood, Childs, Snelling & Brown, George B. Snelling, Jr.,* for appellee.