## 66104. HENSON v. THE STATE.

POPE, Judge.

James William Henson appeals his convictions of driving under the influence, driving while his license was suspended and driving with an expired tag. *Held:*

1. Appellant's first argument is that the trial court erred in admitting into evidence the results of his intoximeter test. Appellant claims that the state failed to comply with OCGA § 17-7-211 (b) (Code Ann. § 27-1303) which provides: "In all criminal trials, felony and misdemeanor, the defendant shall be entitled to have a complete copy of any written scientific reports in the possession of the prosecution which will be introduced in whole or in part against the defendant by the prosecution in its case-in-chief or in rebuttal." "[T]he term 'written scientific reports' includes, but is not limited to . . . blood alcohol test results done by a law enforcement agency or a private physician. . . ." OCGA § 17-7-211 (a) (Code Ann. § 27-1303). The record discloses that appellant's request pursuant to the statute was made on March 3, 1982; the trial was held on May 11, 1982. At trial, appellant objected to the state's introduction of the intoximeter test results, contending that he had never received a copy thereof from the state. The solicitor stated in his place that on March 25, 1982 he had mailed a copy of the test results to appellant's counsel at the correct address; appellant's counsel in turn stated in his place that he never received that mailing.

"Where a letter is properly addressed, duly stamped, and deposited in the mail, there is a presumption that it was received. [Cits.] But this presumption is rebuttable, and is entirely overcome by the uncontradicted evidence of the addressee that it was never received." *Carmichael Tile Co. v. McClelland,* 213 Ga. 656, 659 (100

SE2d 902) (1957); cf. *Sturdivant v. Allstate Ins. Co.,* 143 Ga. App. 19 (2) (237 SE2d 408) (1977). See generally *Watkins Products v. England,* 123 Ga. App. 179 (1) (180 SE2d 265) (1971); see also *Canal Ins. Co. v. Tate,* 111 Ga. App. 377, 384 (141 SE2d 851) (1965); *Lewis v. Phillips-Boyd Publishing Co.,* 18 Ga. App. 181 (3) (89 SE 177) (1916). Assuming arguendo that the solicitor's actions caused the presumption of receipt to arise, said presumption was entirely overcome in this case by the uncontradicted statement of appellant's counsel that he never received the solicitor's mailing. Thus, the state failed to carry its burden of showing compliance with OCGA § 17-7-211 (Code Ann. § 27-1303). See *Tanner v. State,* 160 Ga. App. 266 (1) (287 SE2d 268) (1981); *Garner v. State,* 159 Ga. App. 244 (1) (282 SE2d 909) (1981). However, any error in allowing evidence as to the results of the intoximeter test was obviated by the unrefuted testimony of the police officer who administered the breath analysis test to the appellant that he had provided appellant with a copy of the test results. Since the appellant had already been provided with a copy of the intoximeter test results, he could not have been harmed by the state's failure to provide the same pursuant to OCGA § 17-7-211 (Code Ann. § 27-1303). See *Mackler v. State,* 164 Ga. App. 874 (3) (298 SE2d 589) (1982); see also *Tyson v. State,* 165 Ga. App. 22 (1) (299 SE2d 69) (1983).

2. Appellant made a timely request according to OCGA § 17-7-210 (a) (Code Ann. § 27-1302) for discovery of any statement given by him while in police custody. He now cites as error two rulings by the trial court relating to the state's failure to comply with this discovery statute by not providing him with a copy of his statement(s) at least ten days before trial as required by the statute. Firstly, he contends that the trial court erred in overruling his motion to preclude the state from asking the arresting officer on direct examination whether the officer had had any conversation with appellant regarding the status of appellant's license. The sanction provided by OCGA § 17-7-210 (c) (Code Ann. § 27-1302) for the state's failure to comply with a timely request for discovery of a defendant's custodial statement(s) is the exclusion and suppression thereof from the state's use "in its case-in-chief or in rebuttal." However, assuming arguendo that the trial court erred in overruling this motion, such error was harmless because the state never pursued this line of questioning. See generally *Wallin v. State,* 248 Ga. 29 (5) (279 SE2d 687) (1981).

Secondly, he claims that the trial court erred in denying his motion for mistrial when the arresting officer testified as to a statement made to him by appellant relating to the validity of the tag on the vehicle appellant was driving when arrested. Appellant's

counsel was questioning the arresting officer regarding the officer's observation of the absence of a current validation sticker on the tag attached to appellant's vehicle. "Q. Did you check with the Registrar of any county to see if a proper revalidation sticker had been issued for that tag? A. No. I did not. . . . It didn't appear on the tag. Q. Are you familiar with cases where those stickers are stolen off of tags? A. Yes, sir, very much so. Q. It happens all the time, doesn't it? A. Yes, sir, every day. Q. Well, why didn't you check to see if a sticker had been issued for that car? A. Because your client told me he didn't get one. Q. Told you he didn't get one. A. That's correct." The record thus discloses that the state did not use the statement here complained of in either its case-in-chief or in rebuttal. Rather, said statement entered the record as a response to a question posed to the arresting officer by appellant's counsel on cross-examination. "In *Scott v. State,* 57 Ga. App. 187 (1) (194 SE 844) [(1938)] this court said: 'The ground [here] complaining of the admission of certain testimony of a witness for the State is without merit, since the ground discloses that the testimony was elicited from the witness (. . . on cross-examination) by counsel for the *movant.* Where counsel on the cross-examination of a witness takes a chance by propounding a dangerous question, he will not be heard to object to the answer, no matter how prejudicial it may be, if the answer is a direct and pertinent response to the question.' [Cits.]" *Gaddy v. State,* 96 Ga. App. 344, 347 (99 SE2d 837) (1957). Since the answer here was responsive to the question propounded by appellant's counsel, the trial court did not err in denying appellant's motion for mistrial on this ground. Cf. *Stancil v. State,* 157 Ga. App. 189 (1) (276 SE2d 871) (1981); *Calhoun v. State,* 135 Ga. App. 609 (2) (218 SE2d 316) (1975).

3. The crimes for which appellant was convicted occurred on January 8, 1982. The state sought to establish that appellant was driving while his license was suspended by tendering as evidence a duly certified document in the form of a computer printout from the Department of Public Safety which purported to show a history of appellant's driving record. This rather lengthy document was the only evidence offered in support of this charge and contained references to a multitude of past driving violations and license suspensions; thus, the state, with the trial court's concurrence, prepared a photocopy showing only the certification, identity of the licensee (appellant), and an excised portion of the record purportedly showing a suspension of appellant's license apparently effective on either July 29 or November 12, 1981. This photocopy excision, but not the entire computer printout, was allowed to go out with the jury. Appellant cites the admitting of any portion of this document into evidence as error. His objections at trial were essentially two: (1) the

computer printout was so vague that the meaning of the various entries thereon could not be discerned, and (2) the computer printout was not the highest and best evidence.

Georgia law provides that the records of the Department of Public Safety, when properly certified, are "admissible as evidence in any civil or criminal proceeding as proof of the contents thereof." OCGA § 40-5-2 (e) (Code Ann. § 68B-215); *Niehaus v. State,* 149 Ga. App. 575 (1) (254 SE2d 895) (1979). Appellant did not challenge the certification of the subject document. Thus, his "best evidence" objection has no merit. *Noles v. State,* 164 Ga. App. 191 (2) (296 SE2d 768) (1982). Appellant's other assertion, that the document should have been excluded because of its uncertainty of meaning, is likewise without merit. Appellant points out that although the computer printout indicates that appellant's driver's license had indeed been suspended, it also appears to indicate that his license was reinstated on January 8, 1982, the date of the alleged violation. In fact, the printout shows several apparent suspensions as well as several apparent reinstatements. Additionally, the document indicates "status 03-18-82 valid license." No adequate explanation was offered at trial as to the meaning of the various abbreviations and symbols utilized in the printout. The record discloses that neither the trial court nor counsel for either party knew for certain the meaning of this cryptically encoded computerese. Nevertheless, since the document was properly certified and thus admissible as probative evidence, any ambiguity as to its meaning went to its weight as evidence, not its admissibility. "The question as to the admissibility of evidence is not to be determined by its weight. If it has any probative value, however small, and is otherwise competent, it should be admitted." *Fuller v. State,* 196 Ga. 237 (2) (26 SE2d 281) (1943). The trial court did not err in admitting the subject computer printout for any reason assigned.

4. During the course of the trial, the court explained to the jurors that an "auto-intoximeter" or similar device furnished by the State Crime Lab is considered accurate if properly operated. At the conclusion of the explanation appellant moved for mistrial on the ground that the explanation violated OCGA § 17-8-55 (Code Ann. § 81-1104) which provides: "It is error for any judge in any criminal case, during its progress . . ., to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." In our view, this explanation does not violate the above-cited code section. Rather, it appears to stem from OCGA § 40-6-392 (a) (1) (Code Ann. § 68A-902.1), which authorizes the Division of Forensic Sciences of the Georgia Bureau of Investigation to approve methods of testing blood alcohol or drug content and states that the results of those tests are valid and admissible as evidence if so approved. Since

the trial court's comments amounted to no more than an explanation of the statute, the motion for mistrial was properly denied. See, e.g., *Plemons v. State,* 155 Ga. App. 447 (1) (270 SE2d 836) (1980).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 6, 1983 —
REHEARING DENIED SEPTEMBER 29, 1983 —

*David W. Griffeth,* for appellant.
*Ken Stula, Solicitor,* for appellee.