40572, 40573. CAMP v. COLUMBUS, GEORGIA (two cases).

MARSHALL, Presiding Justice.

The City of Columbus, Georgia, filed this complaint for declaratory judgment and other relief against Wilson M. Camp, d/b/a Columbus Sanitary Landfill.

The complaint contains, among other things, the following allegations: The defendant operates a sanitary landfill pursuant to a contract entered into between the plaintiff and the defendant; in the contract, the defendant agreed to operate the landfill in compliance with applicable state and federal laws and regulations; the contract provides that in the event of a default by the defendant, the plaintiff may terminate the contract or, in the alternative, enter upon the landfill premises and operate it; in addition, in the contract the plaintiff and the defendant agreed that a dispute concerning any part of the contract would be decided by a board of arbitration; disputes have arisen concerning the sufficiency of the defendant's performance under the contract; the plaintiff wishes to arbitrate such disputes with the defendant; the arbitration provisions of the parties' contract are valid and enforceable under the Georgia Arbitration Code for Construction Contracts (OCGA § 9-9-80 et seq. (Code Ann. § 7-301 et seq.)), as well as the Federal Arbitration Act (9 USC § 1 et seq.); however, the defendant has refused to submit to binding arbitration; consequently, the plaintiff has been placed in a dilemma as to what course of action to pursue concerning the defendant's failure to perform under the parties' contract; the plaintiff, therefore, requests the court to solve this dilemma by declaring that the Georgia Arbitration Code for Construction Contracts, and/or the Federal Arbitration Act, is applicable to this contract, and it is requested that the defendant be required to enter into binding arbitration with the plaintiff concerning the matters in dispute under the contract.

The defendant answered the complaint and filed a counterclaim seeking actual and punitive damages against the plaintiff due to the plaintiff's tortious acts and breach of contract.

The superior court entered an order granting summary judgment to the plaintiff on the issue of whether the Georgia Arbitration Code for Construction Contracts applies to the subject contract and on the issue of whether this matter is a justiciable controversy appropriate for declaratory relief. In addition, all claims of the defendant for punitive damages, and damages in tort, were dismissed.

1. The parties' contract requires the defendant, who is referred to under the contract as the Contractor, to construct as well as operate the sanitary-landfill facilities. In addition, the evidence in this case authorized the trial judge in finding that a sanitary landfill may be likened to a long-term construction project in that most aspects of conventional construction activity are undertaken; and in order for a sanitary landfill to be operated in compliance with state and federal laws and regulations, in a sense it must be continually under construction. Therefore, we agree with the superior court that

this is a "construction contract" within the ordinary meaning of the term and, therefore, within the intent of the Georgia Arbitration Code for Construction Contracts. See OCGA § 1-3-1(b) (Code Ann. § 102-103).

2. The superior court did not err in ruling that this matter is a justiciable controversy appropriate for declaratory relief. See *Total Vending Service v. Gwinnett County,* 153 Ga. App. 109 (264 SE2d 574) (1980) and cits.

3. The evidence authorized the superior court in ruling that the defendant's tort claims against the plaintiff are barred because of the plaintiff's failure to comply with the ante-litem notice statute. OCGA § 36-33-5 (Code Ann. § 69-308); *Schaefer v. Mayor &c. of Athens,* 120 Ga. App. 301 (170 SE2d 339) (1969). Cf. *Holbrook v. City of Atlanta,* 139 Ga. App. 510 (1) (229 SE2d 21) (1976). The defendant's claim against the plaintiff for punitive damages is barred under *City of Columbus, Ga. v. Myszka,* 246 Ga. 571 (4) (272 SE2d 302) (1980).

*Judgment affirmed. All the Justices concur, except Hill, C. J., and Smith, J., who dissent.*

DECIDED FEBRUARY 10, 1984.

*Grogan & Rumer, Lee R. Grogan,* for appellant.
*Jerome M. Rothschild, E. H. Polleys, Jr.,* for appellee.

HILL, Chief Justice, dissenting.

I would not find this to be a "construction contract" within the meaning of the Georgia Arbitration Code for Construction Contracts, OCGA § 9-9-80 et seq. (Code Ann. § 7-301 et seq.). OCGA § 9-9-81(b) (Code Ann. § 7-302) provides in pertinent part as follows: "This part shall apply only to construction contracts, contracts of warranty on construction, and contracts involving the architectural or engineering design of any building or the design of alterations or additions thereto. . . ." Although the phrase "construction contracts" is not defined, it is clear to me that the General Assembly intended the arbitration code to apply to the building and erection of structures, not the burying of waste. I therefore dissent from Division 1 and the judgment of affirmance.

So that Division 3 of the majority opinion not be misinterpreted, it should be pointed out that the damages sought by the defendant (plaintiff-in-counterclaim) are for slander. Thus, Division 3 does not stand for the proposition that an ante litem notice is required in order to sue for and recover tort damages arising from a breach of contract. See *City of Atlanta v. J. J. Black & Co.,* 110 Ga. App. 667 (1) (139 SE2d

515) (1964). I therefore concur in Division 3 of the opinion.

I am authorized to state that Justice Smith joins in this dissent.