71823. GIBBS et al. v. JEFFERSON-PILOT FIRE & CASUALTY INSURANCE COMPANY et al.
(343 SE2d 758)

DEEN, Presiding Judge.

J. D. Gibbs, P. S. Menswear, Inc., and Harold's Men Shop, Inc., brought suit against Jefferson-Pilot Fire & Casualty Co., Southern Fire & Casualty Co., Charles Mills, d/b/a Mills & Assoc., a/k/a Mills-Comer & Assoc. and Atlanta International Insurance Company to recover under a fire insurance policy issued by Jefferson-Pilot and Southern which covered four stores owned by appellants. One of the stores, Harold's Men Shop, was completely destroyed by fire on September 30, 1983. Appellants alleged a sum of $230,000 was owing under the policy. They also sought the bad faith penalty and attorney

fees pursuant to OCGA § 33-4-6 and interest from May 12, 1984.

Appellants sought reformation of the insurance policy in question because a scrivener's error by Charles Mills caused the store to be insured for the wrong amount of coverage. The four stores were listed in the policy and the coverage for the second and third listed stores was transposed and caused the store that burned to be underinsured. In the alternative, the appellants sought to recover from Mills and Atlanta International, his liability carrier, for Mills' error in failing to procure the correct amount of insurance on the store in question. Appellants also sought to set aside purported full releases and partial payments signed by J. D. Gibbs, president of the corporate plaintiffs, alleging fraud on the part of all the appellees in procuring them and seeking actual and punitive damages. Appellants were permitted to file an amended complaint subject to appellees' objections. Appellees moved to strike certain portions of the amended complaint which contained allegations of physical pain and suffering by Gibbs which was allegedly caused by the acts of appellees in fraudulently procuring the releases. The trial court entered an order striking the *entire* amended complaint, holding that the cause of action was for reformation of a contract and that a cause of action for emotional distress was barred because OCGA § 33-4-5 provided the exclusive penalties for breach of an insurance contract. The court also granted Atlanta International's motion to dismiss as a party defendant.

1. Appellants first contend that the trial court erred in granting the motion to strike the amended complaint. After examining the lengthy complaint and amended complaint in the case, we must disagree with appellees' position that the only relief appellants can pursue is reformation of the contract and that the sole remedy is the statutory penalties provided in OCGA § 33-4-6. OCGA § 13-5-5 provides that fraud renders contracts voidable at the option of the injured party. Fraud in the procurement of a release will render it voidable. *Progressive Life Ins. Co. v. James*, 62 Ga. App. 387 (8 SE2d 91) (1940). In ruling that the penalties provided by OCGA § 33-4-6 are exclusive, the court overlooked the fact that a tort action and an action for breach of contract may be asserted in the same complaint. *Sturdivant v. Allstate Ins. Co.*, 143 Ga. App. 19 (237 SE2d 408) (1977). See *Dillard v. Woodall*, 167 Ga. App. 158 (306 SE2d 81) (1983).

As to appellant Gibbs, he cannot assert an individual cause of action for the alleged personal injuries because he admits he procured the insurance for his corporations for the benefit of the corporations and signed the releases as president of the corporations. The corporations, however, do have a cause of action for the alleged fraud perpetrated upon them through their president and the trial court erred in dismissing the amended complaint as it pertained to their cause of

action.

2. Because of our holding in Division 1, above, the trial court also erred in granting Atlanta International's motion to dismiss as a party defendant in the lawsuit. While it has no liability for Gibbs' alleged injuries, it could be found liable for injuries suffered by the corporate plaintiffs.

*Judgment affirmed in part and reversed in part. Benham and Beasley, JJ., concur.*

DECIDED MARCH 19, 1986 —
REHEARING DENIED APRIL 2, 1986 — 

*Jack S. Hutto, Karen M. Krider,* for appellants.
*James B. Gilbert, Jr., A. Martin Kent, Jordan D. Morrow,* for appellees.