### 75686. MALLARD v. JENKINS et al.
(366 SE2d 775)

POPE, Judge.

Plaintiff initiated this lawsuit against defendants Jenkins and Witchard seeking damages for personal injuries incurred in an automobile collision. Defendants responded in part by asserting that plaintiff had executed a general release of all claims in favor of defendants. See *Mallard v. Jenkins*, 179 Ga. App. 582 (347 SE2d 339) (1986). Plaintiff amended her complaint to add a claim for punitive damages alleging that the release had been fraudulently obtained. Plaintiff subsequently added Allstate Insurance Company as a party defendant and asserted the wilful and intentional misrepresentations of its agent in procuring plaintiff's execution of the release. Plaintiff then dismissed her claim for punitive damages against defendants Jenkins and Witchard. The case proceeded to a bifurcated jury trial involving only plaintiff and defendant Allstate, and, following the presentation of plaintiff's case, the trial court granted Allstate's motion for partial directed verdict on the issue of Allstate's liability for "vindictive" damages, finding that such damages are not recoverable by the plaintiff as a matter of law under the circumstances in this case. The jury was unable to reach a verdict on the other issues in the case and a mistrial was declared. We granted plaintiff's interlocutory appeal from the partial directed verdict in favor of Allstate.

1. The primary issue presented by this appeal is whether OCGA § 51-12-6 is the proper measure of damages with respect to the claim plaintiff has raised against defendant Allstate. Plaintiff's claim charges that "[t]he fraudulent conduct and bad faith shown by Allstate Insurance Co. was intended and in fact has resulted in an interference with plaintiff's legal rights to seek compensation for general and special damages resulting from her injuries, thereby intentionally inflicting upon plaintiff severe mental anxiety and distress for which plaintiff seeks compensation." This claim for damages under OCGA §

51-12-6 is reiterated in the pretrial order.

· The apparent basis for defendant Allstate's motion for directed verdict is its assertion that OCGA § 51-12-6 is an improper measure of damages due to the fact that it is applicable only where the entire injury is to the plaintiff's peace, feelings or happiness. Allstate argues that since plaintiff is still claiming that she is entitled to pursue her personal injury case against defendants Jenkins and Witchard, it is clear that the entire injury is not to plaintiff's peace, feelings and happiness. We do not find this argument compelling.

As noted by Allstate, "damages for injury to peace, happiness and feelings ('vindictive' damages; OCGA § 51-12-6) can be recovered only where 'the entire injury is to the peace, feelings or happiness (and) there is no injury to the person or purse . . . the tort being of such a nature as to give rise to mental pain and suffering only. . . .' [Cit.]" *Brunswick Gas & Fuel Co. v. Parrish*, 179 Ga. App. 495 (347 SE2d 240) (1986); see *Digsby v. Carroll Baking Co.*, 76 Ga. App. 656 (3) (47 SE2d 203) (1948). "[T]he code language referring to a tort where 'the entire injury' is to peace, happiness and feelings includes a situation where the entire injury *claimed* is to peace, happiness and feelings, although there may have been other more insignificant injuries in the case." *Brunswick Gas*, supra at 498; *Stepperson, Inc. v. Long*, 256 Ga. 838 (2) (353 SE2d 461) (1987). Plaintiff's sole cause of action in its case against defendant Allstate is for fraudulent misrepresentation. See, e.g., *Gibbs v. Jefferson-Pilot &c. Ins. Co.*, 178 Ga. App. 544 (1) (343 SE2d 758) (1986); *Progressive Life Ins. Co. v. James*, 62 Ga. App. 387 (8 SE2d 91) (1940). That is, under the allegations of this complaint defendant Allstate owed plaintiff the duty not wilfully and wantonly to interfere with plaintiff's negligence claim against the other defendants. This cause of action is, at best, merely collateral to plaintiff's negligence action against defendants Jenkins and Witchard, even though all defendants are parties to the lawsuit. The claim against Allstate (fraud) is separate and distinct from that made against the other defendants (negligence), and does not arise out of the same transaction. Likewise, the damages sought by plaintiff against defendant Allstate are separate and distinct from those sought against the other defendants. There is no assertion of joint responsibility and, in fact, the claims were severed for trial. Cf. *Hodges v. Youmans*, 129 Ga. App. 481 (8) (200 SE2d 157) (1973), where the complaint asserted "a vague welter of tort claims against 23 defendants jointly." Id. at 487. It is thus apparent that the "entire injury" claimed by plaintiff against defendant Allstate is to peace, happiness and feelings, and, therefore, that damages, if any, are governed by the provisions of OCGA § 51-12-6. Cf. *Hall County Mem. Park v. Baker*, 145 Ga. App. 296 (3) (243 SE2d 689) (1978), where plaintiff did suffer "a pecuniary loss in wages and medical bills." Id.

at 298. We are aware of no authority supporting the proposition that plaintiff's consolidation of collateral matters into one lawsuit necessarily precludes recovery of OCGA § 51-12-6 damages where otherwise appropriate. The trial court erred in granting defendant Allstate's motion for directed verdict.

2. We are also asked to address the applicability of the Tort Reform Act of 1987, which made substantial changes in OCGA §§ 51-12-5 and 51-12-6 and created new OCGA § 51-12-5.1. Ga. L. 1987, p. 915, §§ 4, 5 and 6. These code sections must be construed together. See *Westview Cemetery v. Blanchard*, 234 Ga. 540, 543 (216 SE2d 776) (1975). Since the amended OCGA § 51-12-5 and the new § 51-12-5.1 apply only to causes of action arising on or after July 1, 1987, we view the amended § 51-12-6 (which makes express reference to these "reformed" code sections, but no reference to an effective date) to likewise apply only to causes of action arising on or after July 1, 1987. See also OCGA § 1-3-5. Accordingly, OCGA § 51-12-6 as amended by the Tort Reform Act is not applicable to this case.

*Judgment reversed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED FEBRUARY 15, 1988 —
REHEARING DENIED MARCH 3, 1988 — 

*G. Leonard Liggin*, for appellant.
*Thomas C. James III*, for appellees.