### A89A2145. RADFORD v. MAYOR & ALDERMEN OF SAVANNAH.
(392 SE2d 23)

McMURRAY, Presiding Judge.

Plaintiff Radford filed this action for damages, arising from the intentional and negligent infliction of emotional distress, against the defendant Mayor and Aldermen of the City of Savannah. The complaint alleges that on August 9, 1984, plaintiff was attending the funeral of her deceased husband at a cemetery operated by defendant, when employees of defendant, acting within the scope of their employment, wilfully and wantonly interfered with the burial of plaintiff's deceased husband, causing plaintiff to suffer severe embarrassment and humiliation.

This appeal is taken from the grant of summary judgment in favor of defendant and against plaintiff. The superior court's order states two independent grounds for its decision. *Held*:

1. First, the superior court held that the operation of the cemetery is a governmental function. If this conclusion is correct, plaintiff's claim is barred by municipal immunity. See OCGA § 36-33-1. In reaching this holding, the superior court declined to follow our decision in *City of Atlanta v. Rich*, 64 Ga. App. 193 (12 SE2d 436), and characterized that decision as "seemly abandoned," apparently due to the criticism of *Rich's* reasoning stated in *City of Atlanta v. Mapel*, 121 Ga. App. 567 (174 SE2d 599). In the *Rich* case, we found the operation of a cemetery by a municipality under the circumstances stated in that decision to be a ministerial function and we continue to adhere to that position.

Additionally, we find the facts and circumstances of the *Rich* case indistinguishable from those in the case sub judice. While there is evidence that the cemetery in the case sub judice, Bonaventure Cemetery, is open to the public and used by the public at large for some recreational purposes, including picnicking and sightseeing, such ancillary uses do not alter the fact that at the time of the incident in question the defendant's employees were performing a task related solely to the cemetery function of the facility. Insofar as there continue to be lots sold for burial purposes and related services provided, the operation of Bonaventure Cemetery is a ministerial function, and the superior court erred in ruling otherwise.

2. As a second ground for its grant of defendant's motion for summary judgment, the superior court also concluded that the damages plaintiff seeks are in the nature of punitive damages which can-

not be recovered from a municipality. It is true that absent statutory authority a municipality cannot be held liable for punitive damages. *Camp v. Columbus, Ga.*, 252 Ga. 120, 122 (3) (311 SE2d 834); *City of Columbus v. Myszka*, 246 Ga. 571, 572 (4) (272 SE2d 302). However, generally a bar against an award of punitive damages is not alone sufficient to warrant the grant of a defendant's motion for summary judgment since an accompanying claim for compensatory damages would preclude the grant of summary judgment. Therefore, the superior court's ruling necessarily implies a conclusion that the plaintiff seeks only punitive damages and presents no claim for compensatory damages. Where, as in the case sub judice, plaintiff's whole injury is to "peace, happiness or feelings," the damages allowable are determined under OCGA § 51-12-6. *Mallard v. Jenkins*, 186 Ga. App. 167 (1), 168 (366 SE2d 775). (The language of OCGA § 51-12-6 prior to amendment by the Tort Reform Act of 1987, Ga. L. 1987, p. 915, is applicable to the case sub judice. Id at 169 (2).) Since there are several respects in which the damages allowable under OCGA § 51-12-6 are analogous to the punitive damages allowable under OCGA § 51-12-5, damages may not be awarded under both sections lest a double recovery be permitted. *Westview Cemetery v. Blanchard*, 234 Ga. 540, 543 (B) (216 SE2d 776). The damages awarded under OCGA § 51-12-6 are in part punitive (Id at 545), but also serve to compensate for the extent of the injury. Id at 546. Thus, as OCGA § 51-12-6 also provides for compensatory damages, the prohibition against awarding punitive damages against a municipality does not bar plaintiff's claim. The superior court erred in granting defendant's motion for summary judgment.

*Judgment reversed. Carley, C. J., and Beasley, J., concur.*

DECIDED FEBRUARY 27, 1990 —
REHEARING DENIED MARCH 13, 1990 —

*Ashman & Zipperer, Alex L. Zipperer, Ralph R. Lorberbaum*, for appellant.

*Friedman, Haslam, Weiner & Ginsberg, Patrick T. O'Connor, Wiseman, Blackburn & Futrell, James B. Blackburn*, for appellee.