A90A1612. CALLAWAY et al. v. RYCKELEY et al.
(404 SE2d 650)

BANKE, Presiding Judge.

The appellants sued John Ryckeley and two business entities of which he is a principal, seeking actual and punitive damages for their alleged conduct in destroying a portion of a cemetery containing the remains of the appellants' ancestors during the course of a subdivision development project. This appeal is from an order granting partial summary judgment to these defendants with respect to the appellants' prayers for punitive damages and damages for emotional distress.

Ryckeley purchased the tract of land in question in June of 1987 and was informed of the presence of the cemetery on the property before the development work began. The cemetery was located by a team of surveyors retained by Ryckeley to lay out the subdivision; and pursuant to his instructions, its boundaries were marked with a continuous strand of surveyor's ribbon.

The head of the construction company which had performed the rough grading work for a subdivision road running adjacent to the cemetery averred that he had been notified of the cemetery's existence and advised of the necessity of avoiding it. However, an archaeological firm retained by the appellants, determined that a portion of the cemetery had been graded over. The archaeologist was of the opinion that "the graves in the area could have been identified quickly and economically had someone with appropriate expertise been retained to investigate the area prior to construction." Also, appellant McKowen testified that she had visited the cemetery before the area was graded, that she had observed the surveyor's ribbon properly marking its perimeter, that she had observed in the center of that defined area the presence of a large cedar tree next to one of the graves, and that upon returning to the site afterwards she had observed that approximately half of the area in question had been graded over, resulting in the destruction of the cedar tree and two headstones. *Held:*

1. The appellants have alleged no physical injury or pecuniary loss but seek damages solely for their emotional distress. The present cause of action accrued in April of 1988 and is accordingly governed by the provisions of the Tort Reform Act of 1987 (Ga. L. 1987, p. 915 et seq.). That Act amended OCGA § 51-12-6 to make it read as follows: "In a tort action in which the entire injury is to the peace, hap-

piness, or feelings of the plaintiff, no measure of damages can be prescribed except the enlightened consciences of impartial jurors. In such an action, punitive damages under . . . Code Section 51-12-5.1 shall not be awarded." See also *Mallard v. Jenkins*, 186 Ga. App. 167 (1) (366 SE2d 775) (1988). It follows that the trial court did not err in granting summary judgment to the appellees on the appellants' claim for punitive damages.

2. " 'As a general precept, damages for mental distress are not recoverable in the absence of physical injury where the claim is premised upon ordinary negligence. (Cit.) However, when the claim is for intentional misconduct, damages for mental distress may be recovered without proof of physical injury. (Cit.)' *Hamilton v. Powell, Goldstein, Frazer & Murphy*, 252 Ga. 149, 150 (311 SE2d 818) (1984)." *Clark v. West*, 196 Ga. App. 456, 457-458 (b) (395 SE2d 884) (1990). "If 'mental pain and suffering' is not accompanied by physical injury or pecuniary loss, recovery is allowed only if the conduct complained of was 'malicious, wilful, or wanton.' [Cit.]" *Westview Cemetery v. Blanchard*, 234 Ga. 540, 544 (216 SE2d 776) (1975). In this regard, "reckless and wanton disregard of consequences" is considered the equivalent of intentional misconduct. *Hamilton*, supra, 252 Ga. at 150. See also *Cassidy v. Wilson*, 196 Ga. App. 6, 8 (395 SE2d 291) (1990); *Radford v. Mayor &c. of Savannah*, 194 Ga. App. 839, 840 (2) (392 SE2d 23) (1990).

While the evidence of record in the present case establishes that the appellees made a successful effort to locate the cemetery, we conclude that a material factual dispute remains as to whether, having done so, they nevertheless graded through the cemetery with conscious or reckless disregard for the appellants' rights. Accordingly, we hold that the trial court erred in granting summary judgment to the appellees with respect to the appellants' claim for actual damages under OCGA § 51-12-6.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MARCH 15, 1991 —
REHEARING DENIED MARCH 27, 1991 —

*Bischoff & White, Dorothy D. Wilcox*, for appellants.

*McNally, Fox, Mahler, Cameron & Stephens, R. Mark Mahler, Lokey & Bowden, Malcolm Smith, K. Scott Graham, Beck, Owen & Murray, Richard L. Collier, Frederick A. Johnson*, for appellees.