A92A1882. SIMS et al. v. CITY OF ALPHARETTA et al.
(428 SE2d 94)

JOHNSON, Judge.

F. Edward and Imogene Sims own a parcel of land in the City of
Alpharetta which is zoned office and institutional (O-I). On May 9,
1987, the Simses leased the property to Rite-Way Foundations, Inc., a
company engaged in the business of pouring concrete foundations.
Within days of taking possession of the property, the city notified
Rite-Way that they were in violation of O-I zoning regulations, specif-
ically with respect to outside storage of heavy equipment, use of un-
paved areas for parking, as well as other infractions. On June 2, 1987,
the city issued a citation to Rite-Way, and a letter was sent to the
Simses notifying them of same.

On October 30, 1989, after numerous additional citations had
been issued, the city filed a lawsuit against the Simses and Rite-Way
to enjoin them from maintaining a nuisance on the property and vio-
lating the city's zoning ordinances. The Simses and Rite-Way an-
swered and asserted counterclaims alleging that the city had inter-
fered with their business relationship by harassing them and
demanding that various modifications be made to the property. In
September 1990, Rite-Way broke its lease and vacated the premises.
Several months later, the Simses added Marie Garrett, Director of
Planning and Community Development for the city, as an additional
defendant in the counterclaim.

The city and Garrett filed a motion to dismiss for failing to com-
ply with ante litem requirements regarding the counterclaims. Simul-
taneously, they filed a motion for summary judgment on the counter-
claims. The city's main claim had been rendered moot when Rite-
Way abandoned the premises. Both motions were granted by the trial
court and the Simses appeal.

1. In their first enumeration of error, the Simses argue that the
trial court erred in granting the motion to dismiss for failure to give
ante litem notice prior to the filing of their counterclaims.

This court reversed the trial court's dismissal of defendant's
counterclaim for failing to give the requisite ante litem notice in *Hol-*

brook v. City of Atlanta, 139 Ga. App. 510 (229 SE2d 21) (1976). "The ante litem notice to a municipality is required for claims 'on account of injuries to person or property.' Property rights in contracts being intangible in nature rather than tangible, the notice is not required since the city, as a party to the contract or negotiations leading up to the contract, was well aware of the conflicting claims, if any, arising out of the same. [Cits.]" Id. at 511. Neither the court in Holbrook, nor OCGA § 36-33-5 distinguishes between requirements for ante litem notices in main claims or counterclaims. The gravamen regarding the requirement of compliance with the ante litem statute in Holbrook, is whether the action arises in contract or in tort. See Camp v. Columbus, Ga., 252 Ga. 120, 122 (3) (311 SE2d 834) (1984).

The Simses acknowledge in their brief that the counterclaims "relate directly to conduct and activities of the city," and include harassment and interference with the business relationship between the Simses and Rite-Way. These actions clearly do not arise out of contract, but are tortious in nature and as such are not exempt from the requirement of the ante litem requirements of OCGA § 36-33-5 whether raised in a main action or by way of counterclaim. The trial court did not err in finding that the ante litem notice requirements had not been met and dismissing the counterclaims.

2. The Simses' second enumeration of error, asserting that the trial court erred in granting the city and Garrett's motion for summary judgment, need not be reached in light of our holding in Division 1.

Judgment affirmed. Pope, C. J., and Carley, P. J., concur.

DECIDED FEBRUARY 8, 1993 —
RECONSIDERATION DENIED FEBRUARY 22, 1993.

James C. Watkins, Rolader & Rolader, Donald A. Rolader, for appellants.

Bovis, Kyle & Burch, Christina A. Craddock, Chambers, Mabry, McClelland & Brooks, V. Jane Reed, Beth L. Singletary, for appellees.