897 P.2d 89

**SHUNN CONSTRUCTION, INC.,
Plaintiff–Appellant–Cross
Respondent,**

v.

**ROYAL INSURANCE COMPANY OF
AMERICA, an Illinois Corporation, De-
fendant–Respondent–Cross Appellant.**

No. 20752.

Supreme Court of Idaho.

Boise, January 1995 Term.

May 25, 1995.

Rehearing Denied July 16, 1995.

Cosho, Humphrey, Greener & Welsh, Boise, and William C. Tharp, Ontario, OR, for appellant-cross respondent. Robert W. Talboy argued.

Brady, Lerma, Ctd., Boise, and Elam & Burke, P.A., Boise, for defendant-respondent-cross appellant. Bobbi K. Dominick argued.

McDEVITT, Chief Justice.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

The Central Orchard Sewer District (COSD) filed a complaint against Shunn Construction Co. (Shunn), in federal district court. COSD alleged that Shunn breached a contract between COSD and Shunn for the construction of a sewer in Lewiston, Idaho. Among the deficiencies in Shunn's performance listed in COSD's complaint was "[i]nstallation of pipe which had been subject to rock protrusions and indentations, which either has caused pipe breakage, leaks and substantial health hazards or has and will in the future cause the same." The damages alleged in the COSD complaint stated that:

> By reason of the foregoing defects, breaches of contract, negligent acts and omissions and other such faults or frauds as may be proved at trial, the plaintiff has suffered and will suffer loss, cost, expense and damage in the amount estimated to be not less than $1,000,000 for each phase of construction or a total of $2,000,000, the full amount to be proven at trial.

Shunn tendered the defense of the suit to Royal Insurance Company of America (Royal), Shunn's insurer.[1] Royal declined the defense of the COSD litigation. Shunn paid the costs of its own defense in the COSD litigation. COSD was awarded $48,256 in damages and $50,000 in attorney fees against Shunn. Shunn incurred approximately $200,000 in attorney fees for its defense in the COSD litigation.

Shunn then filed suit in state court against Royal, seeking compensatory and punitive damages for Royal's failure to defend and indemnify Shunn. Following several pretrial motions, the issue of whether Royal breached its duty to defend Shunn was tried to a jury. The jury returned a verdict finding that Royal had breached its insurance contract with Shunn in bad faith and awarding Shunn $3.5 million dollars in punitive damages. Royal then filed motions for a judgment notwithstanding the verdict or a new trial. The district court denied the motion for a judgment notwithstanding the verdict but conditionally granted the motion for a new trial. The trial court found that the jury's verdict was excessive and allowed Shunn to elect to retry the issue of damages or accept a remittitur lowering the award to $750,000.

Shunn appealed to the Idaho Supreme Court, claiming that the trial court erred in granting the partial summary judgment against Shunn and in issuing a remittitur lowering the amount of the jury's verdict. Royal cross-appealed, claiming among other assignments of error that the trial court erred in submitting the case to the jury because Royal had no duty to defend Shunn in the COSD litigation.

## II.

## ROYAL HAD NO DUTY TO DEFEND SHUNN IN THE COSD LITIGATION

■ Shunn's claims against Royal are based on the personal injury provisions of the business comprehensive insurance policy

issued to Shunn by Royal. Royal contends on appeal that the complaint filed in the COSD litigation was not sufficient to trigger Royal's duty to defend Shunn under those provisions. We agree.

■ The duty of an insurance company to defend its insured arises when a complaint is filed against the insured which, reading the allegations in the complaint broadly, reveals a potential for liability that would be covered by the policy. *See Kootenai County v. Western Cas. & Sur. Co.*, 113 Idaho 908, 910, 750 P.2d 87, 89 (1988) (" 'The duty to defend arises upon the filing of a complaint whose allegations, in whole or in part, read broadly, reveal a *potential* for liability that would be covered by the insured's policy'.") (quoting *Idaho v. Bunker Hill Co.*, 647 F.Supp. 1064, 1068 (D.Idaho 1986) (emphasis in original)). The question presented by this case is whether the allegation of "health hazards" in the COSD complaint creates a potential for liability under Shunn's bodily injury coverage.

■ The policy issued to Shunn by Royal defines "bodily injury" as "sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom." COSD, which is a political subdivision of the state, cannot sue for or recover damages for personal injuries. Although this issue has never been directly addressed by this Court, other courts, defining the scope of coverage provided under insurance policies, have consistently held that legal entities cannot recover damages for personal injuries or bodily injuries. *See, e.g., Gibbs v. Jefferson–Pilot Fire & Cas. Ins. Co.*, 178 Ga.App. 544, 545, 343 S.E.2d 758, 759 (1986) (rejecting personal injury claim brought by corporation); *Buckner v. Motor Vehicle Accident Indemnification Corp.*, 66 N.Y.2d 211, 213, 486 N.E.2d 810, 812, 495 N.Y.S.2d 952, 954 (1985) (holding that corporation " 'could not possibly have personal injuries....' ") (quoting *Dixon v. Gunter*, 636 S.W.2d 437, 441 (Tenn.App. 1982)).

COSD could not assert a claim for personal injuries, and no such claim appeared in the

1. Shunn also tendered the defense of this suit to CNA ReUnderwriters of Lloyds (CNA) and St. Paul Fire & Marine Insurance Co. (St. Paul), both of whom declined to defend Shunn in the

COSD litigation. Shunn sued CNA and St. Paul in federal court, and those insurers are not a subject of this appeal.

complaint against Shunn. Broadly reading the allegations in COSD's complaint against Shunn, we are unable to conclude that the complaint revealed any potential for liability that would be covered by that policy. The district court erred in concluding that a potential for coverage existed, and allowing Shunn to pursue a claim based on Royal's failure to defend Shunn in the COSD litigation.

## III.

## CONCLUSION

The judgment against Royal is reversed. Because we hold that Royal had no duty to defend Shunn in the COSD litigation, it is unnecessary to address the other issues raised on appeal and cross-appeal. Costs on appeal to Royal.

JOHNSON, TROUT and SILAK, JJ., and TRANSTRUM, Justice Pro Tem, concur.