A98A0372. JOHNSON v. THE STATE.
(498 SE2d 778)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of driving under the influence of alcohol and failure to maintain lane. The evidence adduced at trial revealed that Officer Eric Wiernik of the City of Lawrenceville Police Department was "operating stationary radar on Georgia 316, eastbound at Highway Mile Marker 4," about 3:45 a.m. on October 12, 1995, when he observed defendant driving a motor vehicle "at 70 miles an hour." Officer Wiernik followed defendant for "[a]pproximately three quarters of a mile [during which time he] observed the vehicle pitch sharply, nose downward, which is an indication of the driver applying the brakes rather hard. When this happened, the vehicle also swerved to the left which also came close to striking another vehicle which [was] traveling in the left lane. . . . [Defendant] was passing this other vehicle and had just about gotten past this vehicle traveling in the right lane when it did this nose-dive and swerved to the left. This caused the driver of the other vehicle to have to apply his brakes, as well." Defendant subsequently "crossed the fog line on 316 while the vehicle traveled in the right lane. This area of 316, at the time, was also under construction, so there were

several construction barrels lined up the highway. Each time the right side wheels would cross the fog line, the vehicle would also come rather close to striking those construction barrels." When Officer Wiernik approached defendant, "[t]he first thing [he] noticed was an odor of alcoholic beverage coming from inside the vehicle." When defendant exited the car, "he was unsteady on his feet as he walked, not overly off balance, just maybe unsure of his footing." Defendant's "face had a flushed, reddish appearance to it, his eyes had a glazed watery appearance[;] his speech would be somewhat slurred and there was an odor of alcoholic beverage on his breath, as well." Defendant was unable to stand on one leg. An alcosensor evaluation was positive for the presence of alcohol. "Once [Officer Wiernik] completed [his] evaluations, it was very much [his] opinion that [defendant] was less safe to operate a motor vehicle."

After reading defendant his Implied Consent warnings, Officer Wiernik requested that defendant submit to tests of both his breath and his urine. Defendant "indicated that he would submit to both chemical tests." The test of defendant's breath on the Intoxilyzer 5000 indicated that his blood alcohol level was 0.097 grams percent whereas urinalysis indicated a blood alcohol level of 0.12 grams percent. *Held*:

In his sole enumeration of error, defendant contends the trial court erred in giving the following jury instruction: "I charge you that breath alcohol measuring equipment approved by the State Crime Lab is considered accurate if properly operated." He argues this instruction "misstated the law, invaded the province of the jury, and illegally shifted the burden of proof. . . ."

The General Assembly determined that chemical analysis of blood, urine, breath or other bodily substance, when "performed according to methods approved by the Division of Forensic Sciences of the Georgia Bureau of Investigation . . ." shall be admissible as evidence of the amount of alcohol or drug in a person's system. OCGA § 40-6-392 (a) (1) (A). The scientific objectivity and reliability of intoximeter tests to determine blood alcohol concentration was approved in *Lattarulo v. State*, 261 Ga. 124, 126 (3) (401 SE2d 516). Consequently, we do not agree with defendant that the instruction under review misstates the law. On the contrary, it is a correct statement of the law. "An accused may always introduce evidence of the possibility of error or circumstances that might have caused the machine to malfunction." *Lattarulo v. State*, 261 Ga. at 126 (3), supra. Furthermore, we do not agree this instruction invades the province of the jury or shifts the burden of proof. See *Henson v. State*, 168 Ga. App. 210, 213 (4) (308 SE2d 555).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED MARCH 13, 1998.

*Clark & Towne, Jessica R. Towne,* for appellant.
*Gerald N. Blaney, Jr., Solicitor, Scott A. Drake, Assistant Solicitor,* for appellee.